UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTIN KAMPITCH
15 Milton Rd.
Warwick, RI 02888

and

LINDA KAMPITCH
15 Milton Rd.
Warwick, RI 02888

and

MARTIN HENRY DESIGNS
15 Milton Rd.
Warwick, RI 02888

and

HELENA R. FROST
41 Old Route 6
Brewster, NY 10509

and

HELENA FROST ASSOCIATES, LTD.
41 Old Route 6
Brewster, NY 10509

and

TIMOTHY J. FLOHE
6262 N. Moe Rd.
Middleville, MI 49333

Plaintiffs

vs.

ROBERT LACH
4325 Indeco Court
Cincinnati, Ohio 45241

05 351 S

and

RED CARPET STUDIOS DIVISION OF
SOURCE ADVANTAGE, LTD.
4325 Indeco Court
Cincinnati, Ohio 45241

Defendants

# COMPLAINT FOR COMPENSATORY, INJUNCTIVE AND PUNITIVE RELIEF; JURY TRIAL DEMANDED

## I.

## Nature of the Case

1. This is an action for copyright, patent and trade dress infringement and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), Lanham Act and unfair competition.

## II.

## Jurisdiction

2. Jurisdiction is conferred on this court by 28 U.S.C. §1331 (federal questions), §1337 (copyrights), §1338 (patents) and 18 U.S.C. §1964 (RICO).

## III.

## Parties

3. Martin and Linda Kampitch are residents of the State of Rhode Island. Together they own and operate Martin Henry Designs.

4. Helena Frost is a resident of the State of New York.

5. Frost Associates, Ltd. is a New York Corporation.

6. Timothy J. Flohe is a resident of the State of Michigan.

7. Robert Lach is a resident of the State of Ohio, and is engaged in copyright and trademark infringement in Rhode Island.

8. Red Carpet Studios is a division of Source Advantage, an Ohio corporation and is engaged in copyright, patent and trademark infringement in Rhode Island.

## IV.
## Factual Allegations

9. Martin Kampitch and his wife Linda Kampitch together own Martin Henry Designs.

10. Martin Henry Designs design and make garden stakes.

11. Martin Henry Designs are known for their designs and style.

12. Martin Henry Designs GS-3 contains a design of the sun in the middle of eight stars, connected by a bent wire connected to four swirls and a circle. This design is pictured below:



13. Red Carpet copied this design and sells it as "Sun Pink," product number 30353-1-0030. While Red Carpet's design is not identical to the Martin Henry Design, it is substantially similar.

14. Red Carpet has copied the trade dress of Martin Henry Designs. Red Carpet has copied the look and feel of products created by Martin Henry Designs.

15. Plaintiff Martin Kampitch spoke with defendant Robert Lach, an officer of Red Carpet Studios in August, 2003 at the Atlanta Gift Show for approximately one hour.

16. At that time, Mr. Lach told Mr. Kampitch that he was interested in Martin Henry Design products and wanted to know if Martin Kampitch would design something for his company.

17. Lach asked Kampitch if he had any other designs that he would be willing to show him. Lach then proceeded to Mr. Kampitch's website and made comments about the designs he was seeing. Lach told Kampitch that he would call the next day to further discuss his proposal. He never called back.

18. Martin Kampitch attended the San Francisco Gift Show in January of 2004. It was brought to his attention that Red Carpet was using Martin Henry Designs themes for its designs by his customers who commented about it and asked if Red Carpet was representing Martin Henry Designs. Since then Kampitch has received many other calls from customers stating the similarity of Martin Henry Designs with Red Carpet products.

19. Red Carpet never produced a licensing agreement or other proposal and continues to exploit Martin Henry Designs trade dress without compensation to Martin Henry Designs.

20. Helena Frost is a designer. She created birdhouse hats in 1993 and is known for them.

21. Helena Frost has received four copyrights from the United States Copyright Office for birdhouse hats. The registration numbers for these designs are VA-1-219-070, VA-1-219-071, VA1-219-072 and VA1-219-073. Plaintiffs incorporate herein by reference these copyrights and the designs that they protect.

22. Helena Frost has applied for other copyrights for birdhouse hats that are still pending.

23. Helena Frost and Helena Frost Associates, Ltd. are known for birdhouse hat designs and style. A picture of a birdhouse hat designed by Helena Frost is shown below:



24. The best-selling birdhouse hat designed by Helena Frost and Helena Frost Associates, Ltd. is the Fisherman's Hat. The Fisherman's Hat is pictured below:



Red Carpet Studios has copied the Fisherman's Hat, using elements from the Fisherman's Hat and from the children's Fisherman's Hat. Red Carpet Studios' Fisherman's Hat is substantially similar to Helena Frost's Fisherman's Hat.

25. Red Carpet Studios has also copied Helena Frost's Red Hat, which she designed for the Red Hat Society. The Red Hat Society hat is pictured below:



26. Red Carpet Studios has infringed on Helena Frost's and Helena Frost Associates, Ltd.'s trade dress rights as well as the copyrights to these birdhouse hats.

27. Red Carpet Studios has copied the look and feel of Helena Frost's and Helena Frost Associates, Ltd.'s products.

28. Timothy J. Flohe has a design patent, D472,183 S on an ornamental display device which was filed on March 4, 2002. Plaintiffs incorporate by reference this design patent. One of the drawings from this patent is reproduced on the next page.


18C
18B
18A
18D
14
10
18E
18F
18G
18H
18I
18J
18K
18L
18M
18P
18N
18Q
18R
18S
52
12C
12B
12D
12A
16

Fig. 1


12J
12M
12L
12K
12I
12H
12G
12F
12N
12E
12P
12D
12Q
12C
12R
12B
12S
12A

Fig. 2

29. Timothy J. Flohe has a utility patent, 6,783,815, concerning the same ornamental display device which was filed on January 18, 2002. Plaintiffs incorporate by reference this design patent. This patent protects the manufacturing process developed by Mr. Flohe.

30. Red Carpet Studios has copied the Flohe sculptures and sells them as "Geo-Spinners," in various shapes and sizes. Red Carpet's product numbers for these unauthorized copies include 31201-4-0570, 31202-4-0570, 31203-4-0570, 31204-4-0570, 31211-4-0570, 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, 31213-4-0570, 31214-04-0570.

31. Red Carpet Studios has copied the Flohe sculptures also as "Geo-Figures," which it sells under many product numbers.

32. All of plaintiffs' products, and all parts thereof, are made in the United States of America.

33. Without the consent or approval of plaintiffs, the defendants wrongfully and willfully misappropriated, sold and distributed unauthorized imported duplications of the plaintiffs' work.

34. Defendants had the infringing products made for it in China by workers who are not paid decent wages, workers who live under slave-like conditions, by employees of the People's Liberation Army and by prison workers.

35. Defendants' misappropriation of plaintiffs' designs and products constitute an unfair act and unfair method of competition as well as theft.

## V.

## First Cause of Action: Copyright Infringement

36. Plaintiffs incorporate by reference paragraphs one through 35, inclusive.

37. Defendants intentionally copied plaintiffs Frost and Frost Associates, Ltd. birdhouse hats which are registered with the Copyright Office.

38. Plaintiffs Frost and Frost Associates, Ltd. have been harmed by this intentional infringement, suffering a loss of sales and income as a result.

## VI.

## Second Cause of Action: Violations of Section 43(a) of the Lanham Act

## (Trade Dress)

39. Plaintiffs incorporate by reference paragraphs one through 38, inclusive.

40. All of plaintiffs' products have secondary meaning. Consumers and retail stores recognize the plaintiffs as the source of products that have been copied by defendants.

41. Defendants' sales of copies of plaintiffs' products causes confusion to consumers and retailers and constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

42. As a direct and proximate result of this infringement, plaintiffs have suffered injury to its reputation and a loss of income.

## VII.

## Third Cause of Action: Patent Infringement

43. Plaintiffs incorporate by reference paragraphs one through 42, inclusive.

44. Defendants intentionally infringed plaintiff Flohe's patent Nos. D472,183 S and 6,783,815.

45. Plaintiffs have been harmed by this infringement by lost sales and injury to their reputation as quality manufacturers.

## VIII.

## Fourth Cause of Action: Violations of Section 43(a) of the Lanham Act (False Country of Origin Designation)

46. Plaintiffs incorporate by reference paragraphs one through 45, inclusive.

47. Defendants' products are not permanently and indelibly marked with their country-of-origin as required by the Lanham Act.

48. Title 19 U.S.C. §1304 provides that all imported products must include a country of origin marking in a "conspicuous place as legibly, indelibly and permanently as the nature of the article (or container) will permit."

49. Defendants' products are not legibly, indelibly and permanently marked with their country of origin.

50. As a direct and proximate result of defendants' failure to properly mark their products country of origin, plaintiffs have suffered and continue to suffer a loss of income.

## IX.

## Fifth Cause of Action: Unfair Competition

51. Plaintiffs incorporate by reference paragraphs one through 50, inclusive.

52. Without the consent or approval of plaintiffs, defendants wrongfully misappropriated, sold and distributed unauthorized duplications of the plaintiffs' designs.

53. Defendants' copies are inferior to plaintiffs' in craftsmanship and appearance, but have virtually identical shapes and designs to defendants' designs.

54. Stores selling plaintiffs' designs, and consumers, have been confused by defendants' products, believing that the plaintiffs were the source of the illegal copies.

55. As a direct and proximate result of this unauthorized copying, plaintiffs have suffered injury to its reputation and a loss of income.

## X.

## Sixth Cause of Action: For Violations Of Sections 1962(c) And (d) Of RICO

56. Plaintiffs restate and incorporate herein by reference paragraphs one through 55.

57. This claim arises under §1964(c) of RICO and plaintiffs seek to recover actual and treble damages based upon defendants violations of 18 U.S.C. §1962(c)-(d), as described more fully below.

58. At all times relevant hereto, the plaintiffs and each of the defendants constituted a "person" within the meaning of 18 U.S.C. §1961(3).

59. Defendants are engaged in interstate acts of commerce and the acts alleged herein have a demonstrable effect on interstate commerce.

60. Section 1961(4) of RICO defines the term "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4).

61. At all times relevant hereto, pursuant to the numerous agreements that were negotiated and executed between the defendants and Chinese suppliers as well as through their course of conduct, the defendants and Chinese supplier have formed a series of association-in-fact enterprises within the meaning of 18 U.S.C. §1961(4) for the purpose of committing numerous acts of racketeering activity, including importation of products made by slave and prison labor in violation of 19 U.S.C. §1307. These enterprises are identified as follows:

a) the Peoples Liberation Army of China (PLA);

b) Departments of the Government of the People's Republic of China; and

c) other Chinese suppliers.

62. Defendants have engaged in a pattern of racketeering activity, as defined in §1961(5) of RICO, by committing and/or aiding and abetting at least two such acts of racketeering activity within the past 10 years. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including plaintiffs.

63. Defendants have stolen the copyrights trade dress rights of Neil Sater as described in more detail in the complaint filed in Federal Court in case

number Case No. 03-CV-906, United States District Court for the Central District of California.

64. Defendants have stolen from Timothy J. Flohe the patent and trade dress rights concerning United States Design Patent US D472,183.

65. Defendants have stolen the trade dress rights of Alice Calhoun and Sarena Mann.

66. Section 1961(1) of RICO provides that a "person" commits and act of "racketeering activity" by engaging in (a) "any act or threat involving ... robbery ... which is chargeable under State law and punishable by imprisonment for more than one year," 18 U.S.C. §1961(1)(A), and/or (b) "any act which is indictable under" any of a number of provisions of Title 18, U.S. Code, 18 U.S.C. §1961(1)(B).

67. Defendants have either engaged in and/or aided and abetted predicate acts of racketeering activity in violation of state and federal law.

68. In addition to the defendants' acts as alleged herein, they also committed the following predicate acts:

(a) Theft, ("A person commits the offense of theft if he or she unlawfully takes, uses or consumes the property or services of another with intent to permanently deprive the owner of his or her rights to the property or services."). As alleged herein, the plaintiff and/or their agents took and used the copyrights and trademarks of defendants with the intent to permanently deprive them of remuneration for those services.

(b) Theft of Services, ("A person commits theft if he or she purposely obtains services which the person knows are available

only for compensation, by deception or threat, or by false token or other means to avoid payment for the service."). As alleged herein, the plaintiff and/or their agents purposely obtained the services of defendants which the plaintiff and/or their agents knew were available only for fair compensation by deception or by other means of avoiding payment.

(c) Receiving Stolen Property, ("A person commits theft if he or she purposely receives, retains, or disposes of property of another knowing that it has been stolen, or having reasonable cause to believe under all of the circumstances that it has probably been stolen"). As alleged herein, the defendants and/or their agents knowingly received the stolen services of defendants.

(d) Criminal copyright infringement.

(e) Patent infringement.

69. By either knowingly, recklessly disregarding or reasonably being in a position to know the facts underlying the acts of racketeering activity as described above committed by the defendants and/or their agents, but neither preventing nor reporting said conduct and, in fact, profiting thereby.

70. The multiple acts of racketeering activity committed and/or aided and abetted by defendants, as described above, were related to each other and amounted to or posed a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5).

71. In violation of 18 U.S.C. §1962(c), the defendants conducted or participated, either directly or indirectly, in the conduct of each of the above-

referenced enterprises' affairs through a pattern of racketeering activity, as described above.

72. Defendants, and their co-conspirators, who are not named in this counterclaim, agreed and conspired amongst each other to conduct or participated, directly or indirectly, in the conduct of the above-referenced enterprises' affairs through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d).

73. As a direct and proximate result of defendants' violations of 18 U.S.C. §§1962(c) and (d), defendants have been injured in their business or property. Pursuant to 18 U.S.C. §1964(c), defendants are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

74. Defendants' violations of the federal and state law detailed above and the effects thereof are continuing and will continue unless injunctive relief prohibiting defendants' illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

## XI.

## Seventh Cause of Action
## Violations Of Sections 1962(a) And (d) Of RICO

75. Plaintiffs incorporate herein by reference one through 74, inclusive.

76. This claim for relief arises under §1964(c) of RICO and seeks to recover actual and treble damages based on defendants' violations of §1962(a) and (d) of RICO.

77. In violation of §1962(a) and (d) of RICO, defendants conspired to derive, and did derive, substantial proceeds through the above-described pattern of racketeering activity and conspired to use or invest, and used or invested, such proceeds in the operation of the association-in-fact enterprises detailed in above.

78. As a direct and proximate result of defendants' violations of §1962(a) and (d) of RICO, plaintiffs have been injured in their business or property. Pursuant to §1964(c) of RICO, plaintiffs are entitled to bring this action and to recover herein actual and treble damages, the costs of bringing this suit and attorneys' fees.

79. Defendants' violations of the federal and state law detailed above, and the effects thereof are continuing and will continue unless injunctive relief prohibiting defendants' illegal activities is granted. Plaintiffs will suffer irreparable harm and may have no adequate remedy at law.

80. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiffs, in an improper motive amounting to malice, in conscious disregard of defendants' rights. Plaintiffs are thus also entitled to recover exemplary damages from defendants in an amount to be established at trial but relating to the total monies obtained by defendants as a result of their participation in this illegal and oppressive scheme.

## XII.

## Eighth Cause of Action: For Declaratory And Injunctive Relief

81. Plaintiffs incorporate herein by reference paragraphs one through 80.

82. Based upon the facts alleged above, there is the existence of an actual controversy relating to the legal rights and duties of the respective parties.

83. Plaintiffs have performed all promises, covenants and conditions required on their part to be performed.

84. Accordingly, plaintiffs request that the following judicial declarations, determinations and/or injunctive relief either be granted or made with regard to the rights of plaintiffs and the responsibilities of plaintiff.

85. Absent issuance of such an order, defendants will be irreparably harmed and do not possess an adequate remedy at law.

## XIII.

## Prayer for Relief

WHEREFORE, plaintiffs respectfully pray that this Court

A. Grant temporary, preliminary and/or permanent injunction enjoining and restraining plaintiff from continuing the practices set forth above, including enjoining defendants' sale and distribution of copies of plaintiffs' copyrighted and trademarked goods;

B. Order defendants to cease and desist from selling, displaying, distributing and advertising the offending products during the pendency of this matter and permanently thereafter;

C. Seize from defendants all of the offending products;

D. Exclude the offending products from the United States during the pendency of this matter and permanently thereafter;

E. Award compensatory and special damages of twenty million dollars ($20,000,000.00);

F. Award treble damages sustained by plaintiffs for defendants' violations of RICO;

G. Award punitive and exemplary damages of one hundred million dollars ($100,000,000.00)

H. Award pre- and post- judgment interest;

I. Award reasonable attorneys' fees and costs; and

J. Order such other and further relief as the Court deems just and proper.

JOEL D. JOSEPH, ESQUIRE
JOSEPH & ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814
(301) 941-1989

DANIEL E. CHAIKA, ESQUIRE (#3765)
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, RI
(401) 941-5070
Attorneys for Plaintiffs

JURY DEMAND

Plaintiffs request a trial by jury.

DANIEL E. CHAIKA, ESQUIRE