UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-351S |
| | ) | |
| ROBERT LACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)**

Defendants, Robert Lach and Red Carpet Studios, jointly move this Court for an order dismissing the Complaint under FED. R. CIV. P. 12(b)(1), (2), (3), & (6). An accompanying memorandum of law and affidavits support this motion. For the reasons described in that memorandum, defendants respectfully request that this motion be granted.

ROBERT LACH and
RED CARPET STUDIOS

By their Attorneys,

Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

OF COUNSEL:

Thomas J. Burger, Esq.
John Paul Davis, Esq.
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 23, 2005, a true and correct copy of the foregoing Motion to Dismiss was served by U.S. mail, first-class postage prepaid, on:

Joel D. Joseph, Esq.
JOSEPH 7 ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, Maryland 20814

Daniel E. Chaika, Esq.
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-351S |
| | ) | |
| ROBERT LACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)**

## I. INTRODUCTION

Defendants, Robert Lach and Red Carpet Studios, submit this memorandum in support of their motion entitled "Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)." Defendants seek an order dismissing all counts of the complaint filed by Martin Kampitch, Linda Kampitch, Martin Henry Designs, Helena R. Frost, Helena Frost Associates, Ltd., and Timothy J. Flohe (collectively, "the plaintiffs").

The defendants reside in Ohio. Because neither defendant has minimum contacts with Rhode Island, this court should dismiss this entire lawsuit under Rule 12(b)(2). Defendants assert this defense first because it necessarily implicates all counts of the complaint. It also represents the cleanest procedural route for this court to dismiss all of plaintiffs' allegations.

Similarly, because no defendants reside in this judicial district, this court should also dismiss the complaint under Rule 12(b)(3) for lack of proper venue.

Moreover, in addition to defendants having no connection to Rhode Island, half of the plaintiffs have no connection to this state, nor to each other. The complaint identifies six plaintiffs, but fails to allege whether these six plaintiffs have any collective interest in the various

intellectual property rights asserted in the complaint. According to the complaint, three of the plaintiffs are from Rhode Island, two are from New York, and one is from Michigan. But the complaint fails to assert any rational basis for lumping together these three geographically distinct groups of plaintiffs. Although the complaint seems to allege collective intellectual property enforcement rights (based on allegations made on behalf of "plaintiffs" in the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action, and in the Prayer for Relief), the complaint fails to assert any common or collective interest held by these plaintiffs, or even whether these three groups of plaintiffs have ever met each other.

Additionally, this court should dismiss Counts One and Three under Rule 12(b)(1). The First and Third Counts purport to assert federal subject matter under 28 U.S.C. § 1338, based on alleged copyright or patent infringement, respectively. But the complaint fails to clearly identify which of these plaintiffs, if any, has legal standing to enforce the asserted copyrights or patent in federal district court. Without proper legal standing to enforce the asserted patent or copyrights, this court lacks subject matter jurisdiction under 28 U.S.C. § 1338.

Further, Counts One, Two, and Four through Eight fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6). Of these Counts, the Sixth and Seventh Counts are particularly ludicrous and should be dismissed with prejudice. These counts are civil RICO counts, asserted under the Racketeering Influenced Corrupt Organizations Act. Among other reasons for dismissal, the complaint fails to adequately plead the requisite "enterprise," "racketeering activity," or a "pattern of racketeering activity." These RICO counts have zero chance of success and have been fabricated by one of plaintiffs' attorneys, Joel Joseph, who previously filed nearly identical RICO counts in Smith & Hawken, Ltd. v. Gardendance, Inc., No. C04-1664 SBA, 2004 WL 2496163 (N.D. Cal. Nov. 5, 2004). That court dismissed

those RICO counts under Rule 12(b)(6), and the same result will be equally appropriate here, for the reasons discussed below.

The civil RICO counts evidence the "hit and run" tactics of Mr. Joseph. By asserting that the defendants are co-conspirators with one or more entities of the Chinese government, as the requisite RICO "enterprise," plaintiffs apparently seek to use this court as a forum for getting attention, or for litigating their unsupported allegations against the Chinese government. However, the complaint includes no rational or logical basis for adjudicating such political issues in this court, on behalf of these plaintiffs. If these plaintiffs wish to make a political statement about alleged conduct within the Peoples' Republic of China, they should find another forum to do that. This federal court is not the place for those allegations. The court should dismiss Counts Six and Seven with prejudice.

## II. RULE 12(b)(2): THIS COURT LACKS PERSONAL JURISDICTION OVER EITHER DEFENDANT

### A. Plaintiffs Have The Burden Of Proving Personal Jurisdiction

"On a motion to dismiss for want of *in personam* jurisdiction, Fed.R.Civ.P. 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). "A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." Id. "The general jurisdiction contact threshold of 'continuous and systematic' typically requires the defendant to have an office in the forum state." 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 108.41[3], at 108-49 to 108-50 (3d ed. 2005). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly upon those activities." Mass. School of Law at Andover, 142 F.3d at 34. However, the First Circuit "steadfastly reject[s] the

exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). "Instead, the defendant's in-state conduct must form an 'important, or [at least] material, element of proof' in the plaintiff's case.' " Id. (alteration in original). The First Circuit uses a tripartite test to determine if personal jurisdiction exists:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id.

**B. Mr. Lach's Lack Of Contacts With Rhode Island**

Mr. Lach has never had a permanent or temporary residence in Rhode Island, has never owned any real property in Rhode Island, and in fact has never been to Rhode Island. (Affidavit of Robert L. Lach ¶ 2.) Mr. Lach has never owned any company, corporation, partnership, or business entity in Rhode Island. Id. He has never had an account with any financial institution in Rhode Island, including bank, brokerage, or correspondent accounts. Id. He has never filed any tax returns in Rhode Island. Id. He has never entered into any agreement or contract with any corporation, partnership, business entity, or individual relating to business within Rhode Island. Id. He has never owned any trademarks in Rhode Island. Id. Accordingly, Mr. Lach does not have continuous and systematic activity in Rhode Island. In fact, he has had no activity in Rhode Island.

The only activity of Mr. Lach alleged in the complaint took place two years ago in



PRV_756792_1

Atlanta, Georgia, not in Rhode Island. Even this activity—a conversation with one of the defendants—is not alleged to be actionable. (Complaint ¶ 15.) Even if the court were to attribute to Mr. Lach some of the conduct alleged to have been jointly committed by the "defendants," this conduct would fail to establish personal jurisdiction over Mr. Lach. Accordingly, because this Court has neither general nor specific jurisdiction over Mr. Lach, all causes of action against him should be dismissed.

### C. Red Carpet's Lack Of Contacts With Rhode Island

Red Carpet has never had an office or other place of business in Rhode Island. (Affidavit of L. Paul Schenz, hereinafter "Schenz Aff.", ¶ 3.) Red Carpet is a small, privately-owned corporation with its principal place of business in Cincinnati, Ohio. Id. at ¶ 2. All of Red Carpet's employees live and work in the Cincinnati metropolitan area, and all of its company documents are stored on-site or in the Cincinnati metropolitan area. Id. Red Carpet has never owned any property, real or personal, in Rhode Island, has never leased or rented any property within Rhode Island, and has no employees in Rhode Island. Id. at ¶ 4. Red Carpet has never owned any company, corporation, partnership, or business entity in Rhode Island. Id. at ¶ 5. Red Carpet has never held any accounts with financial institutions in Rhode Island, including bank, brokerage, or correspondent accounts. Id. at ¶ 6. Red Carpet has never filed any tax returns in Rhode Island. Id. at ¶ 7. Red Carpet has never entered into any agreement or contract with any corporation, partnership, business entity, or individual living or residing in Rhode Island. Id. at ¶ 8. Red Carpet does not own any Rhode Island trademarks. Id. at ¶ 10. In fact, no Red Carpet employees have ever visited Rhode Island for business. Id. at ¶ 9. Finally, Red Carpet has never specifically designed products for any Rhode Island markets, does not target advertisements for Rhode Island markets, and has never established any specific channels for

providing regular advice specifically to consumers in Rhode Island. Id. at ¶ 7. Red Carpet does not have continuous and systematic activity in Rhode Island. In fact, Red Carpet has no activity in Rhode Island.

The complaint does not allege that any purported copying occurred in Rhode Island, and Red Carpet's place of business is in Ohio. Id. at ¶ 2. Moreover, Helena R. Frost and Helena Frost Associates, Ltd., the plaintiffs with the alleged copyright cause of action, both reside in New York. (Complaint at 1-2.) The latter is a New York corporation. Id. at ¶ 5. Similarly, no activities related to the alleged patent infringement are alleged to have occurred in Rhode Island. Timothy J. Flohe, the plaintiff associated with this alleged cause of action, resides in Michigan. Additionally, no consumers in Rhode Island are alleged to have been confused, nor are there any retail stores in Rhode Island alleged to carry the products that allegedly infringe the alleged trade dress of Martin Henry Designs.

Finally, the two RICO counts allege substantial conduct in the Peoples Republic of China, not Rhode Island. In sum, the unsupported and vague allegations in the complaint refer to activities that took place outside of Rhode Island. Accordingly, because this court has neither general nor specific jurisdiction over Red Carpet, all causes of action against it should be dismissed.

## III. RULE 12(b)(3): VENUE IS IMPROPER IN THIS JUDICIAL DISTRICT

Pursuant to 28 U.S.C. § 1391(b)(1), an action may be brought in "a judicial district where any defendant resides." For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because personal jurisdiction does not lie in Rhode Island, neither defendant can be deemed to reside in this judicial district, and thus venue

does not lie pursuant to subsection (b)(1).

While venue is proper in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought," 28 U.S.C. § 1391(b)(3) (emphasis added), the Southern District of Ohio, not this judicial district, is where both defendants can be found. (Schenz Aff. ¶ 2.) Moreover, "[s]ubsection (3) may be invoked only when venue does not lie in a district pursuant to subsections (1) or (2)." 17 MOORE, § 110.02[2][d], at 110-25. The purpose of subsection (b)(3) is "to provide a venue alternative in those cases in which there are multiple defendants who do not all reside in the same state **and** no substantial part of the relevant events took place in the United States." Id. at 110-27 (emphasis added). Such is not the case here and, hence, venue does not lie pursuant to subsection (b)(3). Accordingly, pursuant to 28 U.S.C. § 1406(a) this action should be dismissed.

## IV. RULE 12(b)(1): PLAINTIFFS FAIL TO ASSERT STANDING TO BRING COUNTS ONE AND THREE

"Standing addresses *who* may bring the suit. The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." 15 MOORE, § 101.20, at 101-18. "As an element of subject matter jurisdiction, the issue of standing should be raised by a motion to dismiss for lack of jurisdiction over the subject matter." 15 MOORE, § 101.30, at 101-23.

### A. Plaintiffs Fail To Allege Who Owns the Asserted Copyrights

"Under 17 U.S.C. Sec. 501(b), only 'the legal or beneficial owner of an exclusive right under the copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it.' " Motta v. Samuel Weiser, Inc., 768 F.2d 481, 483 (1st Cir. 1985). If a plaintiff "lacks standing to assert his federal copyright claims, the district court [does] not have subject matter jurisdiction and dismissal [is] appropriate." Warren

v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

The complaint contradicts itself regarding who allegedly owns the asserted copyrights. The complaint first alleges that "Helena Frost received four copyrights," and that "Helena Frost has applied for other copyrights." (Complaint ¶¶ 21 & 22.) However, the complaint later alleges that "Frost and Frost Associates, Ltd. birdhouse hats . . . are registered with the Copyright Office," and that "Plaintiffs Frost and Frost Associates, Ltd. have been harmed . . ." Id. at ¶¶ 37 & 38 (emphasis added). It cannot be both ways.

Because only the owner of a copyright has standing to bring an action for infringement of that copyright, and because the complaint has failed to clearly identify who that owner is, the first cause of action for alleged copyright infringement must be dismissed.

### B. Plaintiffs Fail To Allege Who Owns the Asserted Patent

Only the legal owner of a patent may initiate a patent infringement action. Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991); see *also* 35 U.S.C. § 261. If a party "does not have standing to invoke subject matter jurisdiction under 28 U.S.C. § 1338(a)," the action should "be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction." RAD Data Communications, Inc. v. Patton Elecs. Co., 882 F. Supp. 351, 353 (S.D.N.Y. 1995).

The complaint first alleges that "Timothy J. Flohe has a design patent"[1] and "a utility patent." Id. at ¶¶ 28 & 29. However, the complaint later states that "Plaintiffs have been harmed by this infringement." Id. at ¶ 45 (emphasis added).

Plaintiffs cannot have it both ways. Either Mr. Flohe owns the asserted patent, or one or

---

[1] The complaint purports to include a drawing from this patent (Complaint ¶ 28.) Not so. The drawing on page 9 of the complaint is from a patent *application*, not an issued patent. Moreover, it could not even be from the application for this design patent because design patent applications are not published and design drawings do not contain element numbers.

more of the plaintiffs collectively own the asserted patent. In any event, unless and until the plaintiffs clarify ownership of the asserted patent or patents, the third cause of action for alleged patent infringement must be dismissed.

## V. RULE 12(b)(6): THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. General Pleading Requirements

" '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " 2 MOORE, § 12.34[1][b], at 12-63 (citations omitted). "[T]he district court is not bound by a pleading's 'legal conclusions,' or its 'unsupported conclusions,' or its 'unwarranted inferences,' or its 'unwarranted deductions,' or its 'footless conclusions of law,' [or] its 'sweeping legal conclusions cast in the form of factual allegations.' " 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 521-540 (3d ed. 2004) (citations omitted).

### B. Plaintiffs Have Failed To State Any Causes Of Action Specifically Against Mr. Lach

All of the alleged conduct in the complaint is alleged to have been committed by Red Carpet, not Robert Lach. (See Complaint ¶¶ 13, 14, 24-27, 30, & 31.) Accordingly, all causes of action against Mr. Lach should be dismissed.

### C. Count One Fails To State A Cause Of Action For Copyright Infringement

" 'In judicial proceedings, a certificate of copyright registration constitutes *prima facie* evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid.' " Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 59 (1st Cir. 1997) (quoting Bibbero Sys., Inc. v. Colwelle Sys., Inc., 893 F.2d 1104, 1106 (9th Cir. 1990)); see 17 U.S.C. § 410(c).

The complaint does not include any certificates of registrations nor does it even identify any copyright registration numbers for any alleged copyrights that is claimed to be infringed. The complaint merely lists four registration numbers, but never identifies which of those registrations, if any, plaintiffs are actually asserting. (Complaint ¶ 21.) This is particularly problematic because the complaint only alleges the copying of *two* items. Id. at ¶¶ 24, 25. Also, there is no assertion that these two allegedly copied items, a "Fisherman's Hat" and a "Red Hat," are actually copyrighted by anyone. And even if one or both are copyrighted, the complaint fails to assert that any of these six plaintiffs own those copyrights. Finally, the complaint fails to assert that either the Fisherman's Hat or the Red Hat is an original work of any named plaintiff, and fails to assert what, if any, nonutilitarian elements of these hats or birdhouses are even copyrightable. Accordingly, the first cause of action for alleged copyright infringement should be dismissed.[2]

### D. Counts Two And Five Fail To State A Cause Of Action For Trade Dress Infringement Or Unfair Competition[3]

"In order for trade dress to be protected under § 43(a), a plaintiff must prove that the dress is: (i) used in commerce; (ii) non-functional; and (iii) distinctive." Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 38 (1st Cir. 2001). "In general terms, a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of

---

[2] Pursuant to 17 U.S.C. § 505, this court should also allow the recovery of defendants' "full costs" and should also, as part of these costs, award defendants their attorneys' fees.

[3] Count Five is redundant to Count Two and suffers from the same deficiencies. The only distinction is that Count Two is based on federal unfair competition law, i.e., Section 43(c) of the Lanham Act, and Count Five is based on common law. Additionally, Count Five is the only count which could theoretically support a claim for punitive damages, and thus when it is dismissed, plaintiffs' illusory and outrageous claim for $100,000,000 in punitive damages should be stricken.

the article." Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851 n.10 (1982). "Distinctiveness may be either 'inherent,' that is, the 'intrinsic nature [of the trade dress] serves to identify a particular source,' or 'acquired,' i.e., the trade dress has acquired a 'secondary meaning' whereby the public views its 'primary significance . . . as identify[ing] the source of the product rather than the product itself.' " Yankee Candle, 259 F.3d at 38 (alteration in original) (internal citations omitted).

As a threshold matter, the complaint fails to specifically identify the alleged unregistered trade dress of Martin Henry Designs, Helena R. Frost, and/or Helena Frost Associates, Ltd. that is alleged to be infringed. Second, the complaint fails to allege that this unspecified trade dress was ever used in commerce. Third, the complaint fails to allege that this unspecified trade dress is non-functional. This deficiency is critical because garden stakes and birdhouses are *prima facie* functional items. Fourth, the complaint fails to allege that this unspecified trade dress is inherently distinctive. Fifth, with regard to secondary meaning, plaintiffs failed to specifically assert which customers or retail stores purportedly associate the asserted trade dress with a particular product or plaintiff. Thus, the allegations in the complaint are so vague and general that it is difficult to determine who is asserting what, and as to what products. Accordingly, plaintiffs' second and fifth causes of action for alleged trade dress infringement or unfair competition must be dismissed.

### E. Count Four Fails to State A Violation of the Lanham Act

The Fourth count fails to state a claim upon which relief can be granted. The complaint fails to allege any basis for asserting that Red Carpet fails to properly mark its products with the country of origin, and it fails to specifically identify any products alleged to be mismarked or

unmarked with respect to the country of origin.[4] Thus, it is impossible to determine whether any of these plaintiffs compete with Red Carpet as to any allegedly unmarked products, or whether any of these plaintiffs could possibly be harmed by this purported mismarking.

Moreover, a misrepresentation under Section 43(a) of the Lanham Act requires "proof that customers are in fact confused by the failure to mark." 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:54, at 29-143 (4th ed. 2005). Hence, a violation of 19 U.S.C. § 1304(a), even if there were one, would not automatically constitute "a false designation of origin under § 43(a) of the Lanham Act." In re Certain Caulking Guns, 223 U.S.P.Q. 388, 406 (Int'l Trade Comm'n 1984). The complaint fails to assert any confusion arising out of this alleged country of origin mismarking. Accordingly, plaintiffs' fourth cause of action for an alleged violation of the Lanham Act must be dismissed.

**F. Counts Six and Seven Fail to State Causes of Action Under Civil RICO**

Count Six purports to be a cause of action under civil RICO, for alleged violations of Sections 1962(c) and (d) thereof. Paragraph 71 asserts that defendants conducted or participated in the affairs of a RICO "enterprise" through a pattern of racketeering activity. Count Seven purports to be a civil RICO claim based on Sections 1962(a) and (d) thereof. Count Seven alleges that defendants conspired to derive proceeds "through the above-described pattern of racketeering activity," and "conspired to use such proceeds in the operation of the association in fact enterprise detailed in above." (Complaint ¶ 77.)

" 'To state a claim under section 1962(c), a plaintiff must allege each of the four elements required by statute: (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering

[4] Red Carpet will contest the substance of this allegation, if that eventually becomes necessary. Any product Red Carpet imports, and which is required by law to be labeled, is so labeled.

activity.' " Soto-Negrón v. Taber Partners I, 339 F.3d 35, 38 (1st Cir. 2003) (quoting N. Bridge Assocs., Inc. v. Bolt, 274 F.3d 38, 42 (1st Cir. 2001)). "Racketeering activity" is any act indictable under several provisions of U.S.C. Title 18, as enumerated in 18 U.S.C. §1961.

This complaint fails to adequately plead a civil RICO claim, either in Count Six or in Count Seven, because the complaint fails to adequately plead: 1) an enterprise; 2) any racketeering activity; and 3) a pattern of racketeering activity. This court should dismiss Counts Six and Seven with prejudice.

### 1. The Complaint Fails to Adequately Plead an "Enterprise"

The United States Supreme Court has held that, for RICO purposes, an enterprise is an "entity . . . associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). "[A] RICO enterprise must have an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity." Chang v. Chen, 80 F.3d 1293, 1295 (9th Cir. 1996).

This complaint's "enterprise" allegations are almost identical to the dismissed RICO counterclaims in Smith & Hawken, 2004 WL 2496163. In that case, the court stated that a motion to dismiss a RICO counterclaim must be granted when the counterclaimant has failed to "allege a structure to the organization beyond that which [is] inherent in the alleged acts of racketeering activity," and failed to allege that the defendant "utilized a structure separate and apart from the predicate acts to distribute proceeds of the transactions." Chang, 80 F.3d at 1300; see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1083-84 (9th Cir. 2000). Specifically, the California court described the deficiencies in those civil RICO counts, as follows:

> Defendants do not allege any facts that meet the *Chang* test. In support of their RICO claims, Defendants allege that



PRV_756792_1

> "pursuant to the numerous agreements that were negotiated and executed between the [P]laintiff and Chinese suppliers as well as through their course of conduct" Plaintiff has formed a "series of association-in-fact enterprises" for the "purpose of committing numerous acts of racketeering activity." The enterprise is identified as "the Peoples [sic] Liberation Army of China (PLA)" and "Departments of the Government of the People's Republic of China" and "other Chinese suppliers." Id. Defendants do not allege that Plaintiff, the People's Liberation Army of China, various unnamed "Departments of the Government" of China and various other unnamed Chinese suppliers, have established a decision making structure that exists "beyond that which is merely necessary to commit the predicate acts of racketeering." Indeed, the counterclaim fails to provide any facts to explain how Plaintiff, a commercial supplier of home and garden products, could be part of an alleged RICO enterprise with arms of the sovereign government of China as well as unnamed Chinese suppliers. Defendants have offered no facts indicating how the enterprise is organized, explaining the "chain of command" or operation of the enterprise, or how Plaintiff is involved in the enterprise at all. Clearly, Defendants have failed to allege sufficient facts to establish the existence of an independent decision-making structure or an independent proceeds-distributing structure, which is what *Chang* requires "at a minimum" to sustain an allegation of enterprise. Accordingly, Defendants' § 1962(c) counterclaim must be dismissed.

Smith & Hawken, 2004 WL 2496163 at *8 (internal citations omitted).

Defendants have included this lengthy passage from the Smith & Hawken decision because in this complaint these plaintiffs have relied on nearly identical assertions as to the RICO enterprise. The allegations as to the purported conduct in China are practically verbatim. Coincidentally, Mr. Joel Joseph filed the civil RICO counterclaims on behalf of the defendants in Smith & Hawken. In fact, these plaintiffs seem to have used the text from the RICO counterclaims of Smith & Hawken, because paragraph 68 twice mistakenly asserts predicate acts by the "plaintiff," rather than the defendants.

These RICO counts suffer from the same deficiencies as the civil RICO counts in Smith & Hawken and therefore again fail to adequately plead an "enterprise" under civil RICO. That

reason alone is sufficient for this court to dismiss Counts Six and Seven.

**2. The Complaint Fails to Adequately Plead Any Racketeering Acts**

Paragraph 62 of the complaint asserts conclusory allegations of a pattern of racketeering activity. Thereafter, each of Paragraphs 63, 64, and 65 asserts, in conclusory fashion, a distinct allegation of intellectual property "theft." But none of Paragraphs 63, 64, or 65, sufficiently pleads a racketeering act. For instance Paragraph 63 reads as follows:

> Defendants have stolen the copyrights trade dress rights of Neil Sater as described in more detail in the complaint filed in Federal Court in case number Case No. 03-CV-906, United States District Court for the Central District of California.

First of all, the plaintiffs failed to attach to the complaint any further information about this other case. The court should take judicial notice that the case referred to in the complaint, and a companion case filed in U.S. District Court for the Southern District of Ohio, No. C-1-03-051-SSB, were settled in 2004. (See Davis Aff. ¶ 4 & Ex. 3 thereto.) That settlement is a public record, and it resolved both of the related cases. More importantly, the settlement states that Neil Sater shall not disparage Red Carpet by making any further representations or statements that any product of Red Carpet, as reflected in Red Carpet's 2004 catalog, infringes on any intellectual property rights of Neil Sater or his company. Id.

In short, Neil Sater asserted copyright infringement against Red Carpet, and Mr. Sater lost. An unsuccessful copyright infringement assertion is a far cry from a RICO racketeering act. And Mr. Joseph, one of plaintiffs' attorneys, knows that the conduct described in paragraph 63 is not a racketeering act, because he was the attorney who lost that copyright case for Mr. Sater. Id. Mr. Joseph knows that Mr. Sater is now contractually barred, via the settlement agreement, from even stating that Red Carpet's conduct is an infringement of any intellectual property rights of Sater or Sater's company. Notably, after Mr. Sater terminated his representation by Mr. Joseph,

Mr. Joseph filed suit against Mr. Sater. See Joseph v. Sater, No. 8:04-cv-981-AHS-MLG (C.D. Cal. filed Aug. 13, 2004). Also, the federal district court in Ohio sanctioned Mr. Joseph for his conduct in the Ohio companion case. Red Carpet Studios v. Sater, No. C-1-03-051-SSB (Orders dated June 30 & Oct. 20, 2004) (Docket Nos. 69 & 79).

Paragraph 63 is a clear example of Mr. Joseph's Rambo-style lawyering. This court should strike Paragraph 63 from the complaint. This court should also ask Mr. Joseph to explain how he could possibly represent to this court that Paragraph 63 represents a racketeering act. This court should also ask Mr. Joseph whether he fully informed these current plaintiffs about Mr. Sater's prior failed efforts to enforce his alleged copyright against Red Carpet.

With regard to the assertion involving Mr. Flohe, paragraph 64 reads as follows:

> Defendants have stolen from Timothy J. Flohe the patent and trade dress rights concerning United States Design Patent US D472,183.

For the reasons that Counts 2 and 5 are deficient, it is unlikely that Mr. Flohe has any trade dress rights related to the article of manufacture shown in the U.S. Design Patent D472,183 ("the '183 patent"). The complaint completely fails to adequately plead any such trade dress rights of Mr. Flohe. Having failed to adequately plead the existence of such rights, it is clearly improper for these plaintiffs to assert that an alleged violation of such unpled rights is an act of racketeering.

As to this U.S. design patent, the complaint's use of the phrase "have stolen" merely represents an allegation of U.S. patent infringement, which is governed by 35 U.S.C. § 271. In the context of a design patent, to prove infringement the patentee must plead and show substantial similarity between the accused product and the patented design. Paragraph 64 fails to identify any accused products of any of the defendants. Paragraph 64 fails to assert "substantial similarity" between any products of defendants and the '183 design patent.

Moreover, this court should take judicial notice that Red Carpet has its own design patents for analogous wind products. More specifically, U.S. Patent No. D500,964 S, entitled "Circular Shaped Kinetic Sculpture," and U.S. Design Patent No. D500,702 S, entitled "Diamond Shaped Kinetic Sculpture" were issued by the United States Patent and Trademark Office. (Davis Aff. ¶¶ 2 & 3 & Exs. 1 & 2 thereto.) These issued U.S. design patents are public records. These issued patents show that the U.S. Patent Office considered Red Carpet's designs, as shown therein, to be patentably different from the '183 patent. This is reflected by the fact that the '183 patent is listed as one of the "References Cited" on these patents.

At best, paragraph 64 is a weak and unsupportable allegation of U.S. design patent infringement. It does not come close to adequately pleading a racketeering act, as required by the RICO statute.

Paragraph 65 alleges that: "Defendants have stolen the trade dress right of Alice Calhoun and Sarena Mann." The complaint fails to explain who these two persons are, or whether they have any relationship with any other plaintiff. The complaint also fails to adequately plead any trade dress rights allegedly held these two mystery persons, or what products these alleged trade dress rights relate to. Paragraph 65 falls far short of adequately pleading a racketeering act, as required by the RICO statute.

In considering the allegations of paragraphs 63, 64, and 65, these plaintiffs are zero for three in adequately pleading alleged racketeering acts. And even if plaintiffs were to assert that the remainder of the complaint somehow alleges other racketeering acts, that assertion would also fail because of the substance of paragraph 62. That paragraph states that "<u>[e]ach act</u> of racketeering was <u>related</u>, had <u>similar</u> purposes, involved the same or <u>similar</u> participants and methods of commission, and had <u>similar</u> results impacting upon <u>similar</u> victims, including

plaintiffs." (emphasis added). In other words, by the plaintiffs' own admission, any other alleged racketeering acts purportedly embedded in the rest of the complaint are just as illusory, inadequate, and/or untruthful as the allegations contained in paragraphs 63, 64, and 65, because they are "similar." Thus, the complaint fails to adequately plead even one racketeering act. By itself, this deficiency supports an order for dismissal of Counts Six and Seven.

### 3. There is No "Pattern" of Racketeering Activity

Because the complaint fails to adequately plead any racketeering act, it necessarily follows that the complaint fails to adequately plead a pattern of racketeering acts. Moreover, the RICO statute plainly states that the alleged pattern must occur within a ten year period. See 18 U.S.C. § 1961(5). This complaint fails to plead any time period whatsoever. Even if this court were to grant these plaintiffs a great deal of slack as to the alleged racketeering acts, the complaint's failure to identify any dates for those alleged "racketeering acts" would cause Counts Six and Seven to fail as a matter of law.

To establish a pattern, a plaintiff must show both a relationship among the predicate acts and continuity. H.J. Inc. v. Northwest Bell Tel. Co., 492 U.S. 229, 239 (1989). Acts are related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Efron v. Embassy Suites (P.R.), Inc., 223 F.3d 12, 15 (1st Cir. 2000) (quoting H.J. Inc, 492 U.S. at 240). Continuity requires that "the related predicates amount to or pose a threat of continued criminal activity." Id.

The complaint fails to assert any meaningful relationship among the alleged predicate acts, and also fails to allege anything that could be construed to pose a "threat of continued criminal activity." Under H.J. Inc., this complaint fails to adequately plead a pattern.

Notably, in Smith & Hawken, Mr. Joseph alleged three separate acts of purported intellectual property theft, as the purported "pattern of racketeering activity." In holding that that pleading did not adequately establish a pattern of racketeering, the court stated as follows:

> Defendants have failed to allege any facts to suggest that these cases involved racketeering activity or that the acts alleged in these cases are somehow related to this one. Defendants' counterclaim must be self-contained; it is inappropriate to reference documents that were filed in other cases, which are not before this Court, without providing any factual basis in whatsoever in the pleading itself to explain the relevance of these other cases to the instant case. Given this, defendants' bare citation to these other cases is insufficient to establish a pattern of racketeering activity.

Smith & Hawken, 2004 WL 2496163 at *9 n.6. The "bare citations" of this complaint are nearly identical to Mr. Joseph's bare citations in Smith & Hawken, which the California court dismissed. Similarly, this court should dismiss Counts Six and Seven because each fails to adequately plead a cause of action under civil RICO.

Moreover, this court should dismiss Counts Six and Seven with prejudice, because as pled these counts are so deficient that they are a waste of this court's time, and defendants' time. Despite having firsthand knowledge that nearly identical RICO counts were considered woefully inadequate by another federal district court, Mr. Joseph proceeded to file these RICO counts anyway, even with the embedded typographical errors that seem to reflect the use of those prior RICO counterclaims as a template for these current RICO counts.

**G. Count Eight Fails to State A Claim for Declaratory and Injunctive Relief**

Count Eight fails to state a claim for relief which can be granted because it fails to assert that any of these six plaintiffs would be damaged if the relief sought is not granted. Moreover, this count is "[b]ased upon the facts alleged." (Complaint ¶ 82.) Thus, to the extent that those other facts fail to state a claim upon which relief can be granted, as a matter of law this count

must also be dismissed under FED. R. CIV. P. 12(b)(6).

Like much of the complaint, Count Eight makes little sense. For example, it asserts that "[p]laintiffs have performed all promises, covenants and conditions required on their part to be performed." Id. at ¶ 83. It further asserts that "[a]bsent issuance of such an order, defendants will be irreparably harmed and do not possess an adequate remedy at law." Id. at ¶ 85 (emphasis added). This count also asks for a "judicial declaration, determination and/or injunctive relief either be granted or made with regard to . . . the responsibilities of plaintiff," but never identifies which plaintiff, or why defendants or this court should care about "the responsibilities" of this unidentified plaintiff.

Similarly, the prayer for relief refers to an unidentified "plaintiff." It nonsensically asks the court to enjoin and restrain that unidentified "plaintiff from continuing the practices set forth above . . . ." (Complaint at ¶ 19) (emphasis added). This seems to be even more evidence that Mr. Joseph reused the dismissed Smith & Hawken counterclaim as a template for this equally deficient complaint.[5]

## VI. CONCLUSION

For the reasons described above, this court should dismiss the entire complaint for lack of personal jurisdiction over Robert Lach or Red Carpet. Alternatively, this court should dismiss all counts of the complaint based on one or more of the other sections of Rule 12(b).

---

[5] This Complaint should expose all of the plaintiffs and their attorneys to sanctions pursuant to Fed. R. Civ. P. 11. Regardless of whether defendants bring a motion, pursuant to Fed. R. Civ. P. 11(c)(1)(B) this Court should issue an order to show cause as to why the plaintiffs and their attorneys have not violated Fed. R. Civ. P. 11(b). Sanctions pursuant to 28 U.S.C. § 1927 are also appropriate for such unreasonable conduct.

RED CARPET STUDIOS and
ROBERT LACH

By their Attorneys,

Date: September 23, 2005

Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

OF COUNSEL:

Thomas J. Burger, Esq.
John Paul Davis, Esq.
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 23, 2005, a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss was served by U.S. mail, first-class postage prepaid, on:

Joel D. Joseph, Esq.
JOSEPH 7 ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, MD 20814

Daniel E. Chaika, Esq.
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, RI 02910



PRV_756792_1