Nos. 04-4416 and 04-4450

In the

# United States Court of Appeals
## for the Sixth Circuit

RED CARPET STUDIOS, DIVISION OF SOURCE ADVANTAGE, LTD.
*Plaintiff-Appellee*

v.

NEIL SATER, D/B/A/ WIND WONDERS BY
NEIL SATER, an individual
*Defendant-Appellant*

and

JOEL D. JOSEPH
*Appellant*

On Appeal from the United States District Court for the
Southern District of Ohio, Judge Sandra S. Beckwith

## APPENDIX

JOEL D. JOSEPH, PRO SE
7272 WISCONSIN AVENUE, SUITE 300
BETHESDA, MARYLAND 20814
(301) 941-1989

Contents

R.E. # Page

1. Order of the District Court dated April 20, 2004....................27...........1
2. Transcript of Hearing on the Motion for a Preliminary Injunction..................3
3. Opinion of the District Court Granting Injunction, ..................19...........24
4. Opinion of the District Court Granting Motion for Sanctions........69...........39
5. Opinion of the District Court Awarding Sanctions.....................79..........46
6. Settlement Agreement in Ohio.................................................................51
7. Order Dismissing Case in Ohio.......................................71..........54
8. Order Dismissing Case in California.........................................................56
9. Notice of Appeal. ..........................................................81.........58
10. Notice of CrossAppeal ..................................................82.........59
11. Docket Report.......................................................................................61
12. Answer and Counterclaim...............................................20.........76
13. Defendant's Statement of Points and Authorities in Support of Motion for a Preliminary Injunction...........................30..........84
14. Transcript of Telephone Conference of April 19, 2004...........................91
15. Order Dated May 17, 2004...............................................41.........92
16. Motion for Excess Costs, Expenses and Attorneys' Fees.............44........101
17. Docket Report for California...................................................................125
18. Statement of Points and Authorities in Support of Preliminary Injunction....138
19. Transcript of January 12, 2004 Hearing in California...........................145
20. January 12, 2004 Order in California......................................................150
21. Statement of Points and Authorities in Support of Motion to Join.............151
22. Plaintiff's Memorandum Concerning Order of U.S.D.C. for SDOH...........153
23. Notice of Motion........................................................................................156
24. Plaintiff's Opposition to the Motion to Dismiss or Stay.........................157
25. Defendants' Memorandum in Support of Their Motion to Dismiss or Stay...161
26. Exhibit 11, Cover Page of May 13, 2004 Transcript................................170
27. Deposition of Neil Sater............................................................................171
28. Deposition of Laury Ostrow.....................................................................177
29. Notice of Substitution of Counsel....................................47.........182
30. Objections to Substitution of Counsel...............................59.........184
31. Order of the Court dated June 18, 2004...............................63.........187
32. Motion for Excess Costs, Expenses and Attorneys' Fees............70.........189
33. Reply Memorandum in Support of the Declaration of John Davis..77........193
34. Complaint.............................................................................1.......203
35. Certificate of Service................................................................................244

EX 2

# SETTLEMENT AGREEMENT

This Agreement is made by and between Red Carpet Studios Division of Source Advantage Ltd. (hereinafter "Red Carpet"), Neil Sater and Wind Wonders, LLC.

**WHEREAS**, on January 17, 2003, Red Carpet filed suit against Neil Sater in the United States District Court for the Southern District of Ohio;

**WHEREAS**, on January 21, 2003, Neil Sater filed suit against Red Carpet in the United States District Court for the Central District of California; and

**WHEREAS**, Red Carpet and Neil Sater desire to resolve these disputes via this agreement and whereas Red Carpet and Wind Wonders, LLC desire to resolve any dispute between them that could have been brought in these litigations;

**NOW, THEREFORE**, Red Carpet, Neil Sater and Wind Wonders, LLC agree as follows:

1. Neil Sater and Wind Wonders, LLC shall not disparage Red Carpet by asserting in any communication with a third party (including but not limited to Internet websites, at trade shows and/or in marketing and advertising) that any product shown in Red Carpet's 2004 Catalog is a knock-off and/or infringes any intellectual property right of Neil Sater and/or Wind Wonders, LLC. Red Carpet shall not disparage Neil Sater and/or Wind Wonders, LLC by asserting in any communication with a third party (including but not limited to Internet websites, at trade shows and/or in marketing and advertising) that any actions of Neil Sater and/or Wind Wonders, LLC occurring before the date of this agreement constitutes tortious interference, libel or slander.

2. Red Carpet agrees to dismiss with prejudice all claims in the Complaint filed in the Ohio suit, Case No. C-1-03-051-SSB.

3. Neil Sater and Wind Wonders, LLC agree to dismiss with prejudice all claims in the Answer and Counterclaim of Defendant Neil Sater in the Ohio suit, Case No. C-1-03-051-SSB.

4. Neil Sater and Wind Wonders, LLC agree to dismiss with prejudice the currently pending California suit, cause No. SACV03-491-NM(Rcx) (also identified as SACV03-00906-CJC(RCx)) and Red Carpet agrees to dismiss with prejudice any claims that have been brought or that could have been brought in that action.

5. Red Carpet shall provide written assurance from the California Marketing Association that the California Marketing Association will dismiss with prejudice all claims that were brought or that could have been brought in the California suit, cause No. CV03-491-NM(Rcx) (also identified as SACV03-00906-CJC(RCx)).

6. Neil Sater and Wind Wonders, LLC, on behalf of themselves, their shareholders, directors, officers and employees hereby release Red Carpet its shareholders, directors, officers and employees, customers, dealers, distributors, sales representatives, users and each of them from any and all claims, demands, actions or causes of action at law or in equity made or which could have been made by Neil Sater and/or Wind Wonders, LLC in the Ohio suit, Case No. C-1-03-051-SSB, and/or the California suit, cause No. SACV03-491-NM(Rcx) (also identified as SACV03-00906-CJC(RCx)), and which occurred prior to the date of this agreement.

7. Red Carpet, on behalf of itself, its shareholders, directors, officers and employees hereby release Neil Sater and Wind Wonders, LLC, and their shareholders, directors, officers and employees, customers, dealers, distributors, sales representatives, users and each of them from any and all claims, demands, actions or causes of action at law or in equity made or which could have been made by Red Carpet in the Ohio suit, Case No. C-1-03-051-SSB, and/or the California suit, cause No. SACV03-491-NM(Rcx) (also identified as SACV03-00906-CJC(RCx)), including, without limitation, the claim for tortious interference with business and any other claims identified in Red Carpet's proposed Amended Complaint in the Ohio suit, Case No. C-1-03-051-SSB, and which occurred prior to the date of this agreement.

8. Neil Sater and Wind Wonder, LLC agree that they will not bring any legal action against Red Carpet and/or any of its sales representatives, distributors, agents, or customers alleging that the presence of a COSMIX Quadruple Helical Member in any wind sculpture that has been or may in the future be manufactured, sold, offered for sale, distributed, advertised, marketed or displayed by Red Carpet infringes Copyright Registration Nos. VA 1-131-211 and/or VA 1-333-637. As used in this agreement, the term "COSMIX Quadruple Helical Member" means a quadruple helical member of any of the COSMIX™ wind sculptures shown in the Red-Carpet 2004 Catalog.

9. This agreement does not supersede the provisions of the License Agreement dated November 1, 2002 entered into between Neil Sater and Red Carpet.

10. In the event that there is an alleged breach of this agreement, the party allegedly that a breach has occurred shall provide notice to the allegedly breaching

party in an effort to give the allegedly breaching party an opportunity to cure the alleged breach. No action for breach of this agreement may be commenced earlier than thirty (30) days from the date of such notice. No legal action for a declaration of non-breach of this agreement may be filed earlier than thirty-three (33) days from the date of such notice.

11. In the event a lawsuit is commenced to enforce the terms of this agreement, the prevailing party shall be entitled to recover all attorney's fees and costs incurred in the lawsuit.

12. It is understood and agreed that facsimiles and photocopies of this Settlement Agreement or any parts thereof shall have the same binding effect as originals. This Settlement Agreement may be executed in counterparts.

**RED CARPET**

By: ________________ Date: 7/2/2004

Daniel Lach
President

**NEIL SATER**

/s/ ________________ Date: ____________

Neil Sater

**WIND WONDERS, LLC**

By: /s/ ________________ Date: ____________
Name:
Title: