THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | C.A. No. 05-351-ML |
| ROBERT LACH, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION**
**FOR ENTRY OF APPEARANCE OF MR. JOSEPH *PRO HAC VICE***

Defendants object to plaintiffs' Motion for Entry of Appearance of Mr. Joel David Joseph *Pro Hac Vice* and to any involvement whatsoever by Mr. Joseph in this litigation. An accompanying memorandum in opposition to this motion supports this objection. For all the reasons described therein, defendants respectfully request that plaintiffs' motion be denied.

ROBERT LACH and RED CARPET STUDIOS

By Their Attorneys,

Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

OF COUNSEL:

Thomas J. Burger, Esq. (*pro hac vice*)
John Paul Davis, Esq. (*pro hac vice*)
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 28, 2005, a true and correct copy of the foregoing Defendants' Objection to Motion for Admission Pro Hac Vice was served by U.S. mail, first-class postage prepaid, on:

Joel D. Joseph, Esq.
JOSEPH & ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, Maryland 20814

Daniel E. Chaika, Esq.
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-351-ML |
| | ) | |
| ROBERT LACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF APPEARANCE OF MR. JOSEPH *PRO HAC VICE***

Plaintiffs have moved this Court for the admission of Mr. Joseph *pro hac vice*. Plaintiffs' motion included an "Attorney Certification For Pro Hac Vice Admission," which identifies a number of items that the signor certifies are true. For example, the signor certifies that he has not been sanctioned and that he has not been admitted to this Court *pro hac vice* within the last two years. Explanations are required if these or other items are not true.

Mr. Joseph signed this paper but failed to include any explanation of his five recent sanctions by three different United States District Courts. Mr. Joseph also failed to disclose that he has twice applied, in the last 24 months, for *pro hac vice* admission to this Court. Mr. Joseph's failures to disclose this information should be reason enough to deny plaintiffs' motion.

While the conduct that led to the imposition of these sanctions is troubling, of more immediate concern is Mr. Joseph's failure to disclose this information. Unless and until Mr. Joseph fully and completely explains to the Court's satisfaction his recent track record of being sanctioned by multiple sister courts, why he certified that he has not been sanctioned, and why he did not disclose his prior *pro hac vice* applications, this Court should deny plaintiffs' motion.

## I. BACKGROUND

On October 24, 2005, plaintiffs' moved (Docket No. 13) that Joel David Joseph be admitted *pro hac vice* in this case on the following grounds:

- The case involves the following complex area of the law, in which *Pro Hac Vice* counsel specializes: INTELLECTUAL PROPERTY.

- *Pro Hac Vice* counsel's long-standing representation of the client: ALL PLAINTIFFS.

Attached to plaintiffs' motion was an Attorney's Certification for Pro Hac Vice Admission which, inter alia, certified that:

> (2) I have never be disciplined or sanctioned by any court or other body having disciplinary authority over attorneys and there are no disciplinary proceedings pending against me at this time. (If applicant has been sanctioned or disciplined, please provide a full explanation.)
>
> (4) During the past 24 months I have not appeared or applied to be admitted in any cases in this district. (If you have appeared or applied for pro hac vice admission, please provide the dates, case names and names of the judge who presided).

Mr. Joseph signed this form, certifying that he had never been sanctioned and that he had not applied for *pro hac vice* admission. He did not disclose any sanctions, or submit any explanations for past sanctions, as required by this certification. He likewise did not provide any information about his prior *pro hac vice* appearances or applications for admission.

## II. *PRO HAC VICE* ADMISSION IS DISCRETIONARY

"In the District of Rhode Island, *pro hac vice* counsel admissions are governed by Local Rule 5." *Obert v. Republic Western Ins. Co.*, 264 F. Supp. 2d 106, 118 (D.R.I. 2003). Pursuant to that rule, "for good cause shown . . . a party, may, in the Court's discretion, be admitted *pro hac vice* to represent that party in a given case." Local Rule 5(c) (emphasis added) "[G]ood

cause refers to circumstances affecting the personal or financial welfare of the client, such as . . . (a) complex field of law in which the attorney is a specialist; [or] (b) the attorney's long-standing representation of the client . . . ." *Id.* (emphasis added).

"Pro hac vice admission is generally considered a privilege and not a right." *Obert v. Republic Western Ins. Co.*, 190 F. Supp. 2d 279, 298 (D.R.I. 2002). In other words, "[t]he right to practice pro hac vice before a court is not granted by statute or by the Constitution." *Id.* Rather, "the question of admission or disqualification in federal district courts is governed by that district's rule-making power over the conduct of their business." *Id.*

Thus, this Court has discretion to deny plaintiffs' *pro hac vice* motion. Based on the facts presented herein, that discretion should be exercised and Mr. Joseph should not be awarded the privilege of appearing in this Court.

## III. COURTS THAT HAVE IMPOSED SANCTIONS AGAINST MR. JOSEPH

Professional courtesy and respect generally weighs in favour of exercising restraint from commenting on the conduct of a fellow member of the bar. Nonetheless, as officers of the Court, defendants' counsel also has a duty to present all relevant facts to this Court.

According to the information that is publicly available from the Public Access to Court Electronic Records (PACER) system, in the last couple of years, at least three federal district courts have sanctioned Mr. Joseph, some even multiple times. Additionally, there are at least two federal courts where motions for sanctions are currently pending against Mr. Joseph.

### A. *Carpad, Inc. v. Brookstone Co.*, No. CV-N-02-0557-ECR (VPC) (D. Nev.)

#### 1. Mr. Joseph's First Sanction By The Nevada Court

On August 1, 2003, the United States District Court for the District of Nevada granted an emergency motion to compel and for sanctions (D. Nev. Docket No. 51.) The Minutes of the

Court, in relevant part, stated:

> IT IS ORDERED that defendant's emergency motion . . . for sanctions . . . is **GRANTED.** . . . Defendant's counsel shall file a memorandum of costs . . . and the Court shall access costs accordingly. Plaintiff's counsel shall pay said costs.

*Id.* at 2.

On August 13, 2003, the United States Magistrate Judge in Nevada imposed a sanction of $2,699.99 against Mr. Joseph. (D. Nev. Docket No. 62.) The Minutes of the Court, in relevant part, stated:

> The court . . . orders sanctions as follows:
>
> IT IS ORDERED that plaintiffs' counsel, Joel Joseph, Esq., <u>not plaintiffs</u>, shall be required to pay defendant and defendant's counsel, Jonathan Jay, Esq., the amount of $2,699.99 as a sanction in connection with the failed depositions of accountants, Michael Hanchett and Dennis Rogers. Said sanction shall be paid on or before **Friday, August 29, 2003.**

*Id.* (emphasis in original).

On October 24, 2003, the District Court Judge in Nevada "affirmed the order of the Magistrate Judge but reduced the total amount of sanctions granted to the sum of $1,499.99." (D. Nev. Docket No. 80, p. 1) (*See* attached Ex. 1.) On May 10, 2004, the Nevada court granted a motion to enforce these sanctions against Mr. Joseph. (D. Nev. Docket No. 114.) The Minutes of the Court, in relevant part, stated:

> IT IS ORDERED that defendant's motion to enforce sanctions award . . . is **GRANTED.** Plaintiff's counsel, Mr. Joseph, shall pay in full the sanctions that The Honorable Edward C. Reed, Jr. ordered in the amount of $1,499.99. . . . Mr. Joseph is given notice that if fails to comply with this order directing payment in full of sanctions, the Court will consider revocation of Mr. Joseph's admission to practice in this proceeding pursuant to LR IA 10-2.

*Id.* at 2.

**2. Mr. Joseph's Second Sanction By The Nevada Court**

On December 2, 2004, the Nevada court granted a motion for attorney's fees and costs. (D. Nev. Docket No. 147.) That Order, in relevant part, stated:

> Defendant's motion for attorney's fees and costs (#136) is granted because plaintiffs violated the discovery order (#91). . . . The court orders plaintiffs individually to pay seventy-five percent of defendant's attorney's fees and costs because they sent the class-action letter without counsel's approval (#142), and plaintiff's counsel to pay twenty-five percent because he provided plaintiffs with the customer lists for the letter (#148).

*Id.* at 8.

On March 9, 2005, the Nevada court ordered that "plaintiffs' counsel, Joseph & Associates, shall be responsible for twenty-five percent of the total amount of attorney's fees and costs in the amount of $2,657.39." (D. Nev. Docket No. 214, p. 5.) On July 28, 2005, the Nevada court ordered that "[o]n Monday, August 1, 2005, plaintiffs' counsel, Mr. Joseph, shall obtain a cashier's check in the amount of $2,657.39, payable to Sentry Insurance, which he shall mail via Federal Express on that same day to the offices of defendant's counsel." (D. Nev. Docket No. 277, p. 2) (*See* attached Ex. 2.)

**B. *Red Carpet Studios v. Sater*, No. 1:03-CV-51 (S.D. Ohio)**

On June 30, 2004, the United States District Court for the Southern District of Ohio granted a motion for an award of excess costs, expenses, and attorney's fees against Mr. Joseph. (S.D. Ohio Docket No. 69.) That Order, in relevant part, stated:

> Plaintiff asks the Court to sanction Defendant Neil Sater's former trial counsel, Mr. Joseph, pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings.
>
> * * *
>
> In this case, the Court finds that Mr. Joseph did unreasonably and vexatiously multiply the proceedings.
>
> * * *

> Accordingly, Plaintiff's motion for an award of excess costs, expenses, and attorney's fees is . . . **GRANTED.**

*Id.* at 1, 5, & 6. On October 20, 2004, the United States District Court for the Southern District of Ohio issued a second Order which imposed a sanction of $10,000.00 against Mr. Joseph. (S.D. Ohio Docket No. 79.) That Order, in relevant part, stated:

> [T]he Court finds that a sanction of $10,000.00, representing slightly less than 25% of the total possible award, is . . . sufficient to deter future vexatious conduct on the part of Mr. Joseph. This amount, coupled with the knowledge that the Court could appropriately have imposed a much more severe sanction, should be an adequate reminder of the ethical obligations owed by counsel to the court and opposing parties.
> Accordingly, Mr. Joseph is sanctioned $10,000.00.

*Id.* at 4 (*See* attached Ex. 3.) Mr. Joseph's appeal of this sanction, and Red Carpet's cross-appeal are currently pending at the Court Appeals for the Sixth Circuit.

### C. *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, No. 1:04CV10 (M.D.N.C.)

On July 11, 2005, the United States District Court for the Middle District of North Carolina granted a motion for sanctions against Gardendance, Inc., Mark Donley, Lisa Jordy, and Joel Joseph. (M.D.N.C. Docket No. 109.) The court "awarded sanctions in the total amount of $8,909.79" and ordered that each of the "parties must each pay equal shares of the fee and expense award."[1] *Id.* at 5 & 10. (*See* attached Ex. 4.) The United States Magistrate Judge also

---

[1] On October 20, 2005, Mr. Joseph filed a response to a show cause order which stated: "At the present time Mr. Joseph is unable to pay the sanction of $2,227.44 because he has less than $500 in his checking account. Mr. Joseph has only one bank account. Mr. Joseph currently is the primary support for three sons, one in college. Quite frankly his expenses exceed his income." (M.D.N.C. Docket No. 247.)

*See generally In re Joseph*, 298 B.R. 554 (Bankr. D. Md. 2003), *aff'd*, 2004 U.S. Dist. LEXIS 495, Civil Action No. DKC 2003-2755 (D. Md. Jan. 8, 2004) (The "conclusion of objective futility in filing for reorganization, along with the uncontested finding of subjective wrongful intent, fully justifies the finding of bad faith and the consequent dismissal.").

> RECOMMENDED that the court GRANT Woodstock's motions for sanctions and for contempt (docket nos. 70 & 77), but that rather than imposing the sanction of contempt for the failure to comply with the March 8 order and some other sanction for the failure of the Gardendance parties to attend their own depositions and to attend the depositions they noticed for Woodstock for March 21, the district court exercise its authority under Rule 41 (b) and DISMISS Plaintiff Gardendance's complaint.

*Id.* at 11.

On August 18, 2005, the North Carolina court affirmed "the orders contained in Order & Recommendation of United States Magistrate Judge [109]" (M.D.N.C. Docket No. 140) and "FURTHER ORDERED that Woodstock Copperworks, Ltd's Motions for Sanctions [70-1] is GRANTED."[2] (M.D.N.C. Docket No. 141) (*See* attached Ex. 4.) The court "FURTHER ORDERED that Woodstock Copperworks, Ltd.'s Motion for Civil Contempt [77] is GRANTED" and "FURTHER ORDERED AND ADJUDGED that, as a sanction for Plaintiff Gardendance, Inc.'s conduct in this litigation, all of its claims are hereby DISMISSED WITH PREJUDICE." *Id.*

## IV. PENDING MOTIONS FOR SANCTIONS AGAINST MR. JOSEPH

On August 12, 2005, the plaintiff in *Smith & Hawkens, Ltd. v. Gardendance, Inc.*, No. C 04-1664 SBA (N.D. Cal.), moved the court for a sanction of $67,762.43 against Gardendance, Inc.'s counsel Jo Anne M. Denison, Venus Soltan, and Joel David Joseph. (N.D. Cal. Docket No. 89.) On October 24, 2005, this motion was referred to a Magistrate Judge for a report and recommendation. (N.D. Cal. Docket No. 97.)

In addition to the sanctions discussed above, on October 17, 2005, the defendant in

---

[2] As directed by the court, defendant Woodstock Copperworks, Ltd. subsequently provided evidence supporting its request that a sanction of $13,744.21 be imposed. (M.D.N.C. Docket Nos. 149 & 150.)

*Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, No. 1:04CV10 (M.D.N.C.), petitioned for $200,765.00 in attorneys fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a), N.C.G.S.A. § 75-16.1 and 28 U.S.C. § 1927. (M.D.N.C. Docket Nos. 239 & 240.) Additionally, on October 24, 2005, defendant Woodstock Copperworks, Ltd. asked the North Carolina court to sanction Mr. Joseph $3,751.05 for its counsel's expenses related to his attendance at, and Mr. Joseph's failure to attend, a hearing to show cause why Mr. Joseph should not be held in contempt. (M.D.N.C. Docket Nos. 243 & 248.)

## V. MR. JOSEPH FAILED TO DISCLOSE PRIOR *PRO HAC VICE* APPLICATIONS

On November 17, 2003, Mr. Joseph applied for admission to this Court *pro hac vice* in *Bonazoli v. R.S.V.P. Int'l, Inc.*, No. 1:03-cv-514-S. (D.R.I. Docket No. 2.) Magistrate Judge Martin denied the motion. (D.R.I. Docket No. 3.) On April 9, 2004, Mr. Joseph again applied for *pro hac vice* admission. (D.R.I. Docket No. 12.) On April 12, 2004, Judge Smith granted his motion. (D.R.I. Docket No. 14.)

## VI. THERE IS NOT GOOD CAUSE FOR MR. JOSEPH TO BE ADMITTED

In addition to all of the forgoing, there does not appear to be good cause, pursuant to Local Rule 5(c), for the admission of Mr. Joseph *pro hac vice*. For example, the first reason asserted is that this "case involves the following complex area of the law, in which *Pro Hac Vice* counsel specializes: INTELLECTUAL PROPERTY." While the complaint in this action does attempt to raise some intellectual property issues, the nature of the suit as listed on the docket and as presumably characterized by plaintiffs, is "470 Racketeer/Corrupt Organization" and the complaint attempts to assert multiple causes of action for alleged violations of the Racketeer Influence and Corrupt Organizations (RICO) Act. However, there is no evidence or even an

assertion or representation that Mr. Joseph is a RICO law specialist. Additionally, while the complaint also attempts to assert a cause of action for alleged patent infringement, to the extent specialization is required for that count, Mr. Joseph is not a patent attorney.[3]

The second ground asserted is "*Pro Hac Vice* counsel's long-standing representation of the client: ALL PLAINTIFFS." However, upon information and belief, at least half of plaintiffs, specifically Helena R. Frost, Helena Frost Associates, Ltd., and Timothy J. Flohe, have, and have had for quite some time, other intellectual property counsel, either in addition to, or in lieu of and prior to, Mr. Joseph. Additionally, whether these intellectual property attorneys also litigate is of little concern as Daniel E. Chaika, Esq., who filed the complaint and has been representing them for over two months since, provides that expertise. *See also* Local Rule 5(c)(2) (local counsel shall "be responsible to the Court for the conduct of the case").

## VII. CONCLUSION

Mr. Joseph's appearance in this Court is an accident waiting to happen. His trail of known sanctions stretches across the country. In fact, the day after this case was filed, Judge Olsteen in *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, No. 1:04CV10 (M.D.N.C.), found Mr. Joseph's conduct in that litigation "to be a flagrant act of bad faith on his part." (M.D.N.C. Docket No. 140.) He summarized that litigation as follows: "What may have begun as a typical garden party lawsuit has devolved into a bacchanalia of discord and irresponsibility." *Id.* Here, the irresponsibility has already begun as Mr. Joseph failed to disclose his multiple sanctions and his *pro hac vice* applications to this Court. However there is still an additional warning sign. If Mr. Joseph, by his own admission, is unable to pay even a modest sanction ordered by another federal court, and has motions for sizable sanctions looming overhead, how

---

[3] *See* http://www.uspto.gov/web/offices/dcom/olia/oed/roster/index.html.

will defendants be protected if sanctions or fees are awarded in this case? While sanctions or fees may be jointly recoverable from plaintiffs or even local counsel, as was the case in some of the cases discussed herein, why even risk the repeat of the North Carolina typical garden party lawsuit devolution into a bacchanalia of discord and irresponsibility?

Finally, there is no good cause for Mr. Joseph's admission to this Court. Plaintiffs' have litigation counsel, Mr. Chaika, as well as other intellectual property counsel with arguably more expertise in certain fields like patent law and, upon information and belief, have longer and more involved relationships with these plaintiffs' various intellectual property rights than Mr. Joseph.

Accordingly, for all of the forgoing reasons, defendants respectfully request that plaintiffs' motion for admission of Mr. Joseph *pro hac vice* be denied and that he be enjoined from having any further involvement with this litigation.

ROBERT LACH and RED CARPET STUDIOS

By their Attorneys,

Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

OF COUNSEL:

Thomas J. Burger, Esq. (*pro hac vice*)
John Paul Davis, Esq. (*pro hac vice*)
WOOD, HERRON & EVANS, L.L.P.
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 28, 2005, a true and correct copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion for Entry of Appearance Pro Hac Vice was served by U.S. mail, first-class postage prepaid, on:

Joel D. Joseph, Esq.
JOSEPH & ASSOCIATES
7272 Wisconsin Avenue, Suite 300
Bethesda, Maryland 20814

Daniel E. Chaika, Esq.
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910

____________________________