UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTIN KAMPITCH, et al. )
Plaintiffs )
v. ) C.A. No. 05 351S
ROBERT LACH, et al. )
Defendants )

# Opposition to the Objection to Plaintiff's Motion to Proceed Pro Hac Vice

## I. <u>There is a Fundamental Right for Plaintiffs to Have Counsel of Their Choice</u>

Defendants are attempting to deprive plaintiffs of their right to counsel of their choice. Justice Brennan noted that "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings." *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 441, 105 S. Ct. 2757, 2766 (1985) (Brennan, J., concurring). In the same case, Justice Stevens noted in dissent: "Everyone must agree that the litigant's freedom to choose his own lawyer in a civil case is a fundamental right." 472 U.S. 424 at 442.

The First Circuit has recognized that there is a constitutional dimension, even in civil cases, to the right to be represented by counsel of plaintiff's choice. *Gray v. New England Telephone & Telegraph Co.*, 792 F.2d 251, 257 (1st Cir. 1986) ("a civil litigant does have a constitutional right, deriving from due process, to retain hired counsel in a civil case").

## II. Response to Defendants' Allegations of Violations of the Local Rules

Mr. Joseph did not understand the local rules of this court to be concerned with sanctions imposed under Rule 37 of the Federal Rules of Civil Procedure, or under similar rules. He understood the court to be concerned with bar association and court disciplinary actions for violations of the code of ethics, bar rules, conflicts of interest and the like, not discovery matters. Mr. Joseph's affidavit is attached.

While defendants claim that Mr. Joseph appearance in this court "is an accident waiting to happen, " (page 9 of memorandum), Mr. Joseph has appeared in this court and the case proceeded smoothly. Plaintiffs object to defendants'ad hominem attack. Mr. Joseph is not an accident waiting to happen, and his appearances before this court demonstrate that.

Mr. Joseph did move to proceed pro hac vice in *Bonazoli v. RSVP*, Case No. 03-514S, in this court. That case proceeded smoothly with no discovery or other problems. The Court could ask Judge Smith how Mr. Joseph conducted himself in that case.

The sanctions examples given by defendants are symptomatic of cases where a small company or individual sues a large company, and the large company and its team of lawyers, files every conceivable motion, seeking sanctions at every turn. Mr. Joseph is quite confident that few, if any, of those sanctions will be affirmed on appeal.

Concerning *Carpad v. Brookstone*, Mr. Joseph was sanctioned for failing to control his client who conducted a mass mailing to purchasers of the infringing product. He was ordered to pay, and did pay, $2,657.39. The sanction against his client was three times that amount. This case is now on appeal before the United States Court of Appeals for the Federal Circuit and the sanction award is one issue on appeal. Mr. Joseph was

also sanctioned concerning the depositions of Michael Hanchett and Dennis Rogers. He did not represent these witnesses, yet he attended the depositions, for which opposing counsel did not appear at the appointed time. The reason for this sanction is not clear, and it is included in the appeal. In any event Mr. Joseph paid $1499.99 and was allowed to continue representing his client in Nevada. The case was, and still is, quite contentious. Brookstone was also sanctioned for discovery violations.

Concerning *Sater v. Red Carpet Studios*, Mr. Joseph was sanctioned $10,000 for sending out cease and desist letters to companies who were selling infringing products. This activity is absolutely privileged. The attorney for the owner of a patent or a copyright has the absolute privilege to write to those who may be infringing to tell them of the copyright or patent and to ask that they cease or desist from infringing. *Pacific Furniture Manufacturing Co. v. Preview Furniture Corporation*, 626 F. Supp. 667 (M.D. N.C. 1985), aff'd 800 F.2d 1111 (Fed. Cir. 1986). See *Arundel Corporation v. Green*, 540 A.2d 815 (Court of Special Appeals of Maryland, 1988). This case has been briefed and is awaiting oral argument before the United States Court of Appeals for the Sixth Circuit in Nos. 04-4416 and 04-4450.

Concerning *Gardendance v. Woodstock*, Mr. Joseph was sanctioned for failing to attend his deposition. The court joined Mr. Joseph personally as a party defendant for sending out cease and desist letters. Again, this activity is absolutely privileged under the cases cited above. Further, he was given four-days notice of a deposition that was difficult for him to attend as he was traveling to Europe that same week for an Easter vacation that had been planned for six months.

Concerning *Smith & Hawken v. Gardendance*, a motion for sanctions has been

filed, as well as an opposition. As of this date there has been no ruling on the matter.

### III. There Is Good Cause for Admitting Mr. Joseph Pro Hac Vice

If this motion is not granted, plaintiffs will not have adequate representation. Mr. Chaika relies on Mr. Joseph's expertise concerning intellectual property matters. Mr. Joseph's affidavit gives a solid basis for his continuing representation of artists and designers who have had their copyrights and patents violated.

### IV. Conclusion

Plaintiffs have shown good cause for the motion to proceed pro hac vice. This court should allow plaintiffs to proceed with counsel of their choice and not let the defendants interfere with plaintiffs' choice of counsel.

DANIEL E. CHAIKA, ESQ. #3765
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910
(401) 941-5070 - telephone
(401) 941-5299 - facsimile

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this opposition to Raymond Ripple, Edward & Angell LLP, 2800 Financial Plaza, Providence, Rhode Island and to Wood, Herron & Evans, LLP, Attention Thomas J. Burger, Esquire and John Paul Davis, Esquire, 2700 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202-2917 this 15th day of November, 2005.

Daniel E. Chaika, Esquire