UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARTIN KAMPITCH, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) CA 05 351S |
| | ) |
| ROBERT LACH, et al. | ) |
| | ) |
| Defendants | ) |

AFFIDAVIT OF JOEL D. JOSEPH

1. I graduated from Georgetown University Law Center in 1973 and have been practicing law for the past 32 years.

2. For most of those years I have practiced intellectual property law.

3. I served as general counsel and publisher of a book publishing company for ten years, from 1985-1995, handling copyright and licensing issues as well as related litigation.

4. In 1999 when I was general counsel of the Made in the USA Foundation, a nonprofit organization dedicated to promoting products that are made in the United States, I was approached by Wendy Rosen, founder and director of the Buyers Market of American Crafts, the largest wholesale crafts show in the United States to establish together the American Crafts Project.

5. Wendy Rosen and I co-founded the American Crafts Project in 1999. This project included seminars for artists and craftsmen for protecting their intellectual property rights. The project also assisted artists with legal representation when their works were copied without consent.

6. The American Crafts Project became an ACLU for American craftsmen who needed legal assistance. Attorneys, including myself, would represent artists on a contingency fee arrangement.

7. Traditional intellectual property attorneys charge hourly fees that make it impractical for most artists to have proper representation in federal litigation.

8. As part of the American Craft Project I have represented more than 50 American designers and artists in federal litigation. Ninety percent of these cases were successful, either by settlement or court order.

9. Concerning these cases I have been admitted pro hac vice in federal district courts in the Northern District of California, the Central District of California, Alaska, Minnesota, Nevada, Eastern and Middle District of North Carolina, Rhode Island, Massachusetts, Southern District of Ohio, West Virginia, New Mexico, Northern District of Illinois and the Southern District of New York.

10. These cases included successful awards against Wal-Mart, K-Mart, Kohl's Department Stores and Target Stores.

11. I have not been denied pro hac vice status by any court.

12. Concerning *Carpad v. Brookstone*, I was sanctioned for failing to control my client who conducted a mass mailing to purchasers of the infringing product. I was ordered to pay, and did pay, $2,657.39. The sanction against my client was three times that amount. This case is now on appeal before the United States Court of Appeals for the Federal Circuit and the sanction award is one issue on appeal. I was also sanctioned concerning the depositions of Michael Hanchett and Dennis Rogers. I did not represent either of these witnesses, yet I attended the depositions, for which opposing counsel did

not appear at the appointed time. The reason for the sanction is not clear, and it is included in our appeal. In any event I paid $1499.99 and was allowed to continue representing my client in Nevada. The case was, and still is, quite contentious. Brookstone was also sanctioned for discovery violations. None of these sanctions involved ethical questions.

13. Concerning *Sater v. Red Carpet Studios*, I was sanctioned $10,000 for sending out cease and desist letters to companies who were selling the infringing products. This activity is absolutely privileged. The attorney for the owner of a patent or a copyright has the absolute privilege to write to those who may be infringing to tell them of the copyright or patent and to ask that they cease or desist from infringing. *Pacific Furniture Manufacturing Co. v. Preview Furniture Corporation*, 626 F. Supp. 667 (M.D. N.C. 1985), aff'd 800 F.2d 1111 (Fed. Cir. 1986). See *Arundel Corporation v. Green*, 540 A.2d 815 (Court of Special Appeals of Maryland, 1988). This case has been briefed and is awaiting oral argument before the United States Court of Appeals for the Sixth Circuit in Nos. 04-4416 and 04-4450.

14. Concerning *Gardendance v. Woodstock*, I was sanctioned for failing to attend my deposition. The court joined me personally as a party defendant for sending out cease and desist letters. Again, this activity is absolutely privileged under the cases cited in paragraph 12. Further, I was given four-days notice of a deposition that was difficult for me to attend as I was traveling to Europe that same week for an Easter vacation that had been planned for six months.

15. Concerning *Smith & Hawken v. Gardendance*, a motion for sanctions has been filed, as well as an opposition. As of this date there has been no ruling on the matter.

16. I did not understand the local rules of this court to be concerned with sanctions imposed under Rule 37 of the Federal Rules of Civil Procedure, or under similar rules. I understood the court to be concerned with bar association disciplinary actions for violations of the code of ethics, bar rules, conflicts of interest and the like, not discovery matters. None of the sanctions discussed above involved questions of ethical conduct.

Subscribed and sworn to before me this 14th day of November, 2005.

JOEL D. JOSEPH

NOTARY PUBLIC

Aisha M. Pitt
Notary Public
State of Maryland
County of Prince George's
My Commission Expires November 29, 2008