THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-351-ML |
| | ) | |
| ROBERT LACH, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION**
**<u>TO THE MOTION TO DISMISS THE COMPLAINT</u>**

This paper replies to Plaintiffs' Memorandum In Opposition To The Motion To Dismiss The Complaint ("the Opposition").

## I. <u>NO PERSONAL JURISDICTION UNDER RULE 12(b)(2)</u>

Defendants moved this Court for a dismissal order under, *inter alia,* FED. R. CIV. P 12(b)(2), for lack of personal jurisdiction over either defendant. Under Rule 12(b)(2), "the plaintiff ultimately bears the burden of persuading the Court that jurisdiction exists." <u>Mass. Sch. of Law v. ABA</u>, 142 F.3d 26, 34 (1st Cir. 1998). Plaintiffs cannot meet their burden.

Defendants submitted affidavit evidence to support their assertions that neither defendant is susceptible to either general or specific jurisdiction in this district. Besides having no office in Rhode Island, neither defendant has continuous and systematic contacts with Rhode Island. Plaintiffs' bare and conclusory allegations to the contrary are insufficient to establish general personal jurisdiction. The Court is not required to give any credit or credence to such conclusory allegations. <u>See</u> <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994).

As to specific personal jurisdiction, plaintiffs assert that:

> Red Carpet Studios and Robert Lach have sales representatives that call on accounts in Rhode Island. They are represented in Rhode Island by BrassSmith House. A copy of part of BrassSmith's website indicates that it represents Red Carpet Studios and that BrassSmith's has sales representatives who call on stores in Rhode Island. A copy of these webpages are attached as Exhibit 4.

(Opposition at 2.) However, Exhibit 4 merely shows that BrassSmith House is a Massachusetts company which sells, throughout New England, the products of other companies, and that Red Carpet is one of those companies. Another page of Exhibit 4 broadly describes the products of Red Carpet Studios as follows: "Garden and Home - birdfeeders, spinning outdoor accessories, garden gates, deck accessories, more."

These allegations fail to establish or even assert the requisite nexus between plaintiffs' claims and defendants' forum-based activities. These allegations merely identify a third party which *may* occasionally sell a variety of Red Carpet's products in Rhode Island. These assertions do not weigh in favor of a conclusion that any of the allegedly infringing Red Carpet products have ever been sold or offered for sale in Rhode Island. These broad product descriptions could refer to any of a number of outdoor products sold by Red Carpet which are not accused of infringing any of the purported intellectual property rights asserted in the complaint. Plaintiffs cite Vencedor Mfg. Co. v. Gougler Indus., Inc., 557 F.2d 886, 890-91 (1st Cir. 1977), for the proposition that a shipment of large quantities of goods into a state, even FOB, can satisfy the minimum contacts prong of the due process inquiry. But plaintiffs have failed to establish that Red Carpet or anyone else has ever caused even one allegedly infringing product to enter Rhode Island. The proposition supports defendants, not plaintiffs. To some

extent, plaintiffs' ability to credibly assert to the contrary is severely limited by the vagueness of their Complaint.

Plaintiffs cannot show a demonstrable nexus between their claims and the defendant's forum-based activities. Plaintiffs' evidence shows only a theoretically possible, but attenuated, connection between the defendants alleged activity in Rhode Island and plaintiffs' asserted rights, coupled with plaintiffs' conclusory allegations. As noted above, this Court should not accept such attenuated contacts or such conclusory allegations. See Ticketmaster-New York.

Recognizing their jurisdictional deficiencies, plaintiffs now request jurisdictional discovery. Plaintiffs seek to "explore the contacts that defendants have with Rhode Island, their sales in Rhode Island in general and of the infringing products and other business dealings in the state." (Opposition at 3.) Plaintiffs should have investigated such alleged business dealings before they filed their complaint. However, as recent as of November 22, 2005, plaintiffs' current counsel still had not had any contact with these plaintiffs nor had any personal knowledge of the factual averments made in the Complaint. (*See* Hearing Tr. 22:1 - 23:18.) Given this admitted failure to conduct an adequate pre-filing investigation, this Court should not now permit a discovery fishing expedition.

Plaintiffs have not cited a case which adequately supports their request for jurisdictional discovery. In fact, plaintiffs' reliance on Cirino-Encarnacion v. Concilio de Salud Integral de Loiza, Inc., 317 F.3d 69 (1st Cir. 2003), is disingenuous at best. That case involves subject matter jurisdiction, not personal jurisdiction. Moreover, in Cirino, the defendant failed to respond to court ordered discovery requests. This case differs substantially.

## II. VENUE/STANDING/FAILURE TO STATE A CLAIM

Dismissal is also warranted for lack of venue, under Rule 12(b)(3). Neither defendant resides in Rhode Island. Rhode Island is not the proper venue for this lawsuit. Moreover, if this Court was to transfer this case anywhere, it should be to the Southern District of Ohio where, as defendants previously asserted, both defendants can be found.

As to legal standing to assert patent or copyright infringement, plaintiffs are the victims of their own disjointed Complaint. In banding together to assert multiple unrelated claims against defendants, these six unrelated plaintiffs have blurred and confused the rights being asserted, and particularly the ownership of those rights. The Opposition does little to clarify the issue, asserting merely that Helena Frost owns the copyrights, but failing to explain why Frost Associates, Ltd. asserts rights under these copyrights in the Complaint. Relative to the asserted patents, plaintiffs disregarded this issue entirely. Defendants' motion describes the serious deficiencies of Counts One, Two, Four, Five, and Eight, under Rule 12(b)(6). The Opposition fails to address any of these deficiencies.

## III. THE RICO COUNTS

As to Counts Six and Seven, Defendants' motion described why each fails to adequately plead a civil RICO claim. The Opposition fails to address those deficiencies. It also fails to explain why these plaintiffs now consider it acceptable to assert these fatally defective counts in this Court, while concealing the fate that these same counts suffered in a sister Court.

Plaintiffs cited to this Court the Supreme Court case of Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957), and asserted that the rules of pleading are not a game. This is ironic given

that it is the plaintiffs who have in fact engaged in game playing with this Court and with defendants, by tossing the same dismissed RICO claims right back into this Court's lap. Why should this Court be required to again explain that these alleged civil RICO claims have not been adequately pled? These RICO counts are a waste of this Court's time and defendants' time, and should be dismissed with prejudice.

As for plaintiffs' discovery requests relative to the RICO claims, it is difficult to imagine a greater display of chutzpah. On the one hand, plaintiffs assert that "Red Carpet Studios and Robert Lach are in fact a criminal enterprise." On the other hand, plaintiffs ask this Court for an opportunity to take discovery to prove these libelous statements. In practical terms, plaintiffs' request is an admission as to their own recklessness in making, without any support, such serious criminal allegations in their Complaint.

## IV. CONCLUSION

Both defendants should be dismissed for lack personal jurisdiction. Alternatively, this action should be dismissed on the other pled Rule 12(b) grounds. As to plaintiffs' requested relief of jurisdictional discovery or transferring this case to New York, defendants reassert that the Southern District of Ohio is the only district where both defendants can be found. If this lawsuit is to be transferred anywhere, it should be transferred to the Southern District of Ohio, where personal jurisdiction is not an issue. Such a transfer should be ordered in lieu of plaintiff's requested discovery which would only reward their pre-filing delinquence and unnecessarily further burden defendants. For the reasons described above and its opening brief, defendants' motion to dismiss should be granted.

RED CARPET STUDIOS, LTD. and ROBERT LACH

By Their Attorneys,

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

Thomas J. Burger, Esq. (*pro hac vice*)
John Paul Davis, Esq. (*pro hac vice*)
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 29, 2005, a true and correct copy of the foregoing DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS THE COMPLAINT was served by U.S. mail, first-class postage prepaid, on:

Daniel E. Chaika, Esq.
CHAIKA & CHAIKA
30 Rolfe Square
Cranston, Rhode Island 02910