THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARTIN KAMPITCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-351-ML |
| | ) | |
| ROBERT LACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIM TO THE COMPLAINT**

Defendants, Robert Lach and Red Carpet Studios Division of Source Advantage, Ltd. ("Red Carpet"), hereby answer the Complaint. All allegations in the Complaint not specifically admitted are hereby denied. Specific responses to the numbered paragraphs in the Complaint are provided below in like-numbered paragraphs.

**I.**

**Nature Of The Case**

1. Admitted.

**II.**

**Jurisdiction**

2. Admitted.

## III.

## Parties

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

5. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

6. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

7. Defendants admit that Robert Lach is a resident of the state of Ohio, but deny the remaining allegations of paragraph 7.

8. Defendants admit that Red Carpet is an Ohio corporation, but deny the remaining allegations of paragraph 8.

## IV.

## Factual Allegations

9. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

10. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

11. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

12. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

13. Denied.

14. Denied.

15. Defendants admit that Robert Lach spoke with Mr. Kampitch in August of 2003 at the Atlanta Gift Show, but deny the remaining allegations of paragraph 15.

16. Defendants admit that Mr. Lach spoke with Mr. Kampitch, but deny the remaining allegations of paragraph 16.

17. Defendants admit that Mr. Lach spoke with Mr. Kampitch, but deny the remaining allegations of paragraph 17.

18. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

19. Defendants admit that Red Carpet never produced a licensing agreement, but deny the remaining allegations of paragraph 19.

20. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

21. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

22. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

23. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

24. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of the portion of paragraph 24 on page 6 of the Complaint, and therefore deny same and put Plaintiffs to their proof. Defendants deny the remaining allegations of paragraph 24 on page 7 of the Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Defendants admit that Timothy J. Flohe is the named inventor on U.S. Patent No. D472,183 S, the application for which was filed on March 4, 2002, but Defendants deny the remaining allegations of paragraph 28 of the Complaint.

29. Defendants admit that Timothy J. Flohe is the named inventor on U.S. Patent No. 6,783,815 B2, the application for which was filed on January 18, 2002, but Defendants deny the remaining allegations of paragraph 29 of the Complaint.

30. Defendants admit that Red Carpet sells Geo-Spinner Products, and that the recited product numbers refer to those products, except for the last number, which should be 31214-4-0570, not 31214-04-0570. Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore deny same and put Plaintiffs to their proof.

34. Denied.

35. Denied.

## V.

## First Cause Of Action: Copyright Infringement

36. Defendants fully incorporate herein their answers to paragraphs 1 through 35.

37. Denied.

38. Denied.

## VI.

## Second Cause Of Action: Violations Of Section 43(a) Of The Lanham Act (Trade Dress)

39. Defendants fully incorporate herein their answers to paragraphs 1 through 38.

40. Denied.

41. Denied.

42. Denied.

## VII.

## Third Cause Of Action: Patent Infringement

43. Defendants fully incorporate herein their answers to paragraphs 1 through 42.

44. Denied.

45. Denied.

## VIII.

## Fourth Cause Of Action: Violations Of Section 43(a) Of The Lanham Act (False Country Of Origin Designation)

46. Defendants fully incorporate herein their answers to paragraphs 1 through 45.

47. Denied.

48. Defendants admit that the cited federal statute relates to country of origin marking, but deny that this statute has any relevance to their conduct.

49. Denied.

50. Denied.

**IX.**

**Fifth Cause Of Action: Unfair Competition**

51. Defendants fully incorporate herein their answers to paragraphs 1 through 50.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**X.**

**Sixth Cause Of Action: For Violations Of Sections 1962(c) And (d) of RICO**

56. Defendants fully incorporate herein their answers to paragraphs 1 through 55.

57. Defendant admit that this cause of action purports to be a RICO claim.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

a) Denied.
b) Denied.
c) Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendants admit that the cited federal statute relates to provisions of civil RICO, but deny that this statute has any relevance to their conduct.

67. Denied.

68. Denied.

a) Denied.
b) Denied.
c) Denied.
d) Denied.
e) Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**XI.**

**Seventh Cause of Action Violations Of Sections 1962(a) And (d) of RICO**

75. Defendants fully incorporate herein their answers to paragraphs 1 through 74.

76. Defendants admit that this cause of action purports to be a RICO claim.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

XII.

**Eighth Cause of Action: for Declaratory And Injunctive Relief**

81. Defendants fully incorporate herein their answers to paragraphs 1 through 80

82. Admitted.

83. Defendants do not understand the meaning, purpose, or relevance of this assertion, and therefore deny it.

84. Defendants do not understand the meaning, purpose, or relevance of this assertion, and therefore deny it.

85. Presumably, the Plaintiffs intended to say that "plaintiffs will be irreparably harmed," not "defendants will be irreparably harmed." Nonetheless, due to lack of clarity, Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

By and for its affirmative defenses, Defendants allege and state:

**FIRST AFFIRMATIVE DEFENSE**

86. Defendants have not directly infringed, contributorily infringed, and/or induced infringement of either of the asserted U.S. Flohe patents and are not liable for infringement thereof.

**SECOND AFFIRMATIVE DEFENSE**

87. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the asserted U.S. Flohe patents are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

88. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the asserted U.S. Flohe patents are unenforceable due to inequitable conduct during the prosecution of the applications therefor, based on the failure of Flohe and/or his attorney(s) to satisfy the duty of disclosure to the United States Patent and Trademark Office ("USPTO") pursuant to 37 C.F.R. § 1.56(a).

**FOURTH AFFIRMATVE DEFENSE**

89. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**FIFTH AFFIRMATVE DEFENSE**

90. Plaintiff lacks standing to assert the counts in his Complaint.

**COUNTERCLAIMS**

**COUNT I**

**DECLARATORY JUDGMENT OF INVALIDITY AND/OR NON-INFRINGEMENT**

91. Defendants reassert Paragraphs 86 through 88, which are hereby incorporated by reference.

92. This counterclaim is for a Declaratory Judgment declaring the asserted U.S. Flohe patents invalid and/or not infringed by Defendants. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

93. Jurisdiction of this Court over this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

94. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, and Plaintiffs, by virtue of having brought suit against Defendants, have submitted themselves to the jurisdiction of this Court.

95. Flohe claims to be the owner of the asserted U.S. Flohe patents and has brought suit against Defendants herein for alleged infringement of those patents.

96. An actual case or controversy exists between Flohe and Defendants based upon Flohe having filed the Complaint against the Defendants.

97. Defendants have not infringed any valid claims of the two asserted U.S. Flohe patents.

98. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the asserted U.S. Flohe patents are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

99. Defendants have been injured and damaged by Flohe's filing of the Complaint in the present case, because Flohe has knowingly and in bad faith sought to enforce U.S. patents that are invalid and/or not infringed.

## COUNT II

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

100. Defendants reassert Paragraphs 86 through 97, which are hereby incorporated by reference.

101. This counterclaim is for a Declaratory Judgment declaring the '301 and '513 patents unenforceable under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

102. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the asserted U.S. Flohe patents are unenforceable due to inequitable conduct during the prosecution of the U.S. patent applications therefor.

103. Upon information and belief, the patent applicant and/or his attorney(s) failed to prosecute the U.S. Flohe patents with candor, good faith, and honesty, thus breaching the duty owed to the United States Patent and Trademark Office ("USPTO"). Specifically, material information regarding the state of the prior art that was known to Flohe and his patent attorney(s), particularly prior art products offered for sale by Flohe and/or his company, was initially withheld from, and then never fully and completely disclosed to, the USPTO. Upon information and belief, the omission of this material information and the failure to otherwise disclose it to the USPTO was done with an intent to deceive or mislead the USPTO, and such conduct constitutes to inequitable conduct that renders unenforceable both of the asserted U.S. Flohe patents.

104. Flohe's efforts to enforce the U.S. Flohe patents against the Defendants constitute bad faith litigation.

105. The Defendants have been injured and damaged by Flohe's filing of the Complaint in the present case, and Flohe's attempted enforcement of U.S. patents that he knows to be invalid and/or unenforceable.

WHEREFORE, the Defendants pray that:

A. Flohe's Complaint be dismissed with prejudice and that judgment be entered for the Defendants.

B. U.S. Patent No. D472,835 be declared invalid.

C. U.S. Patent No. 6,783,815 be declared invalid.

D. U.S. Patent No. D472,835 be declared unenforceable.

E. U.S. Patent No. 6,783,815 be declared unenforceable.

F. The Defendants be declared to not have infringed any claim of U.S. Patent Nos. D472,835 and 6,783,815.

G. This case be declared exceptional pursuant to 35 U.S.C. § 285, and the Defendants be awarded their costs and attorney fees incurred in defending this action.

H. The Defendants be granted such other and further relief as the Court deems just and proper.

ROBERT LACH and RED CARPET STUDIOS

By Their Attorneys,

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401-274-9200
Facsimile: 401-276-6611

Thomas J. Burger, Esq. (*pro hac vice*)

John Paul Davis, Esq. (*pro hac vice*)
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2006, I caused a copy of the foregoing Answer and Counterclaim to be served by hand, facsimile, and first class mail on the following counsel of record:

Daniel E. Chaika, Esq.
Chaika & Chaika
30 Rolfe Square
Cranston, RI 02910